# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------X

In re:                                              Chapter 11

ETOYS, INC., et al.,                                Case Nos. 01-0706 (MFW)

                Debtors.

------------------------------------X

## DESIGNATION OF RECORD ON APPEAL BY
## APPELLANT ROBERT K. ALBER,
## ETOYS SHAREHOLDER

Pursuant to Bankruptcy Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellant, Robert K. Alber, eToys Shareholder and Pro Se (ALBER), hereby designates the following items and documents be included in the Record on Appeal, with respect to my "Intent to Appeal Notice" dated October 14th, 2005, with the 3rd Circuit Court of Appeals for the District of Delaware as my requested venue. Appellant, Alber, also Respectfully Requests that this Appeal be heard in oral argument under Bankruptcy Rule 8012. In accordance with my understanding of Bankruptcy Rule 8012, I shall file a separate brief with the Clerk detailing my reasons in support of oral argument.

## Designation of Documents and Submissions

1. The Opinion of the Court, by Her Honor Walrath, on these issues dated October 4, 2005.

2. The Orders of the Court, by Her Honor Walrath, on these issues dated October 4, 2005.

3. Filing(s) by the U.S. Trustee, Kelley Stapleton, detailing TBF and Gold's pattern of failing to Disclose their relationships during the eToys Bankruptcy case, which I joined in part, and objected to in part.

4. Affidavit of Lee Castillo (2nd) with testimony that the Creditors Committee was deceived in the hiring of Barry Gold.

5. Rulings by Her Honor Walrath describing me, Alber, as being a Party of Interest in this case.

6. Rulings by Her Honor Walrath allowing me, Alber, to represent myself in these matters, with the provision that others may file Joinders to my Pleadings.

7. Rulings by Her Honor Walrath striking the Releases, Injunctions and Indemnification Language protecting any person/entity in this case.

8. Communications between members of the U.S. Trustee Program and me, Alber.

9. Relevant Rules requiring U.S. Trustee Program members to turn over reports of crimes to the Department of Justice for investigation, which were intentionally contravened by Mark Kenney and others within that program. UST Guidelines of 5-1.2.1 "Duty to Notify & Refer".

10. 5-1.2.2 referencing Judge Walrath's Order of 18 USC 3057 (a) Duty to Notify & Refer.

11. Communications between SEC Investigators and me, Alber.

12. Communications between voting members of the eToys PEDC and me, Alber.

13. Communications between Gregory W. Werkheiser, ESQ, of MNAT, and me, Alber.

14. All filings in the eToys Bankruptcy Case by me, Alber, detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest.

15. All filings and submissions in the eToys Bankruptcy Case and elsewhere by eToys insider Steven 'Laser' Haas, eToys liquidator, detailing various crimes against the eToys Estate by those within the eToys Estate, based on personal knowledge, information, documentation and other submissions.

16. All filings in the eToys Bankruptcy Case detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest, by MNAT (debtors counsel), Barry Gold (President/CEO/Plan Administrator) and TBF (creditors committee/PEDC counsel).

17. Relevant Court filings in the Stage Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

18. Relevant Court filings in the Finova Bankruptcy Case showing the non-disclosed relationships between MNAT and others directly related to our case.

19. Relevant Court filings in the Jumbo Sports Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

20. Relevant Court filings in the Bonus Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

21. Relevant Court filings in the Drug Emporium Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

22. Relevant Court filings in the FAO Schwartz Bankruptcy Case.

23. Relevant Court filings in the Homelife Bankruptcy Case.

24. Relevant Court filings in the Adelphia Bankruptcy Case.

25. Relevant Court filings in the Montgomery Wards Bankruptcy Case.

26. Relevant Court filings in the Brueners Bankruptcy Case.

27. Relevant Court filings in the L. Luria & Sons Bankruptcy Case.

28. Relevant Court filings in the Toys International/Playco Bankruptcy Case.

29. Relevant Court filings in the Phar-Mor Bankruptcy Case.

30. Relevant Court filings in the Zany Brainy Bankruptcy Case.

31. Relevant Court filings in the Gadzooks Bankruptcy Case.

32. Relevant Court filings in the KB Toys Bankruptcy Case.

33. Relevant Court filings in the eToys Bankruptcy Case (voluminous).

34. Relevant SEC filings for Clear Channel Communications showing MNAT, debtors counsel, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

35. Other, relevant, SEC filings showing MNAT, debtors counsel, having actual and potential Conflicts of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

36. Relevant SEC filings for Clear Channel Communications showing Shearman & Sterling, counsel for TBF in these proceedings, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

37. Other, relevant, SEC filings.

38. Fee Applications in the eToys case for TBF, MNAT, Crossroads, Richard Cartoon and Irell & Manella.

39. Transcript of the March 1st, 2005, Court Hearing in the eToys Bankruptcy Case.

40. Transcript of the February 1st, 2005, Court Hearing in the eToys Bankruptcy Case.

41. Transcript of the December 22nd, 2004, Court Hearing in the eToys Bankruptcy Case.

42. Transcript of the October 16th, 2002, Court Hearing in the eToys Bankruptcy Case.

43. Transcript of the November 1st, 2002, Court Hearing in the eToys Bankruptcy Case.

44. Transcript of the August 5th, 2002, Court Hearing in the eToys Bankruptcy Case (on order, and which we will provide to this Court upon my receiving it).

45. Transcript of the Deposition of Barry F. Gold, CEO/President/Plan Administrator of eToys on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath, showing, among other things, that Barry Gold is and has been an employee of TBF, and under direct, actual TBF direction, prior to and during his tenure as Wind-down Coordinator/President/CEO of eToys, prior to the Plan being approved by Her Honor Walrath.

46. Excerpts from various fee applications and other documentation in this case detailing how Barry Gold achieved a pay increase by applying directly to TBF members, and not through regular, accepted channels of communication and approval for such a pay increase to normally occur.

47. Transcript of the Deposition of Michael S. Fox, ESQ, TBF, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath.

48. Transcript of the Deposition of Paul Traub, ESQ, TBF, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath.

49. Transcript of the Deposition of Michael G. Busenkell, ESQ, MNAT, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath, showing that Mr. Busenkell has no regard and/or understanding of Rules governing attorney ethics in Federal Bankruptcy Court, that MNAT as a whole does not require attorney members of the MNAT Firm to know relevant, required, Law governing attorney ethics and Disclosure requirements, and other issues.

50. Excerpts from eToys Disclosure Statement and Liquidating Plan of Reorganization, showing language both prior to and after language Ordered by Judge Walrath, at my, Alber, insistence, being added to the Plan and Disclosure statement.

51. Excerpts from eToys Supplement to the Liquidating Plan of Reorganization, showing 5.2 – Removal of Plan Administrator by Party(ies) of Interest.

52. eToys Docket 1312, Disclosure of Barry F. Gold in his application to become eToys Plan Administrator, showing conflicting testimony as to what position he, Gold, was hired to fulfill within eToys, his further attempts to obfuscate Justice in not disclosing his status as employee and partner of Paul Traub, TBF, and other matters inconsistent with other testimony by Gold.

53. 2001-01-16 Initial, pre-bankruptcy filing of eToys STANDSTILL AGREEMENT with creditors and TBF retention.

54. 2000-12-04 Details of a special, confidential meeting between eToys Executives, Officers and Directors where impending Bankruptcy, Retention of Key Employees, and severance agreements between then-current eToys Executives was discussed and contracts entered into by Steve Schoch, Toby Lenk and John Hnanicek.

55. Documentation showing that the formation of ADA was by a third party, yet to be named, and not as a sole business venture between Barry Gold and Paul Traub (by their testimony).

56. Documentation from the New York Secretary of State's Office showing Traub, Bonacquist & Fox, LLP, has not been a Corporation in Good Standing in the State of New York since early in these eToys Bankruptcy proceedings, thereby bringing into question all fee applications filed by TBF under Rule 2016 and others. Their Corporate LLP status had been revoked on 2002-03-27.

57. Details gleaned from various SEC documents, eToys filings and other documentation describing eToys $40 million Revolving Credit Facility with Foothill Capital, a wholly owned subsidiary of Wells Fargo, paid off by eToys in a Preferential Payment which was never contested or even mentioned by Gold, MNAT, or any other entity in charge of running the day-to-day operations of the eToys Estate.

58. eToys Bankruptcy Filings by MNAT (and others) detailing IPO Litigation currently in the New York State Supreme Court system, whose authority on behalf the Debtors,

eToys, was transferred to TBF/eToys Creditors Committee, and now the eToys PEDC, while intentionally not Disclosing their relationships with defendants in the aforementioned IPO Litigation, causing perhaps irreparable harm to the eToys Estate and me, Alber, as an eToys party of interest and equity security holder.

59. Various Federal Court Rules, Codes and findings concerning Disclosure requirements in Federal Bankruptcy Proceedings.

60. Rule 2014 on Professional Persons

61. Rule 2016 on Professional Persons

62. Code 327 (a) Employment of Professional Persons

63. Code 101(14) Definition(s)

64. Code 105 (a) Sua Sponte

65. Code 503(b) Substantial Contribution

66. Rule 7024 Intervention

67. Other Rules and Codes relevant to Bankruptcy Crimes which have occurred in the eToys Bankruptcy Case.

68. Excerpts from various eToys filings, depositions, testimony and transcripts proving that Barry Gold does not in fact hold Her Honor Walrath, as presiding Judge in these bankruptcy proceedings, as the ultimate authority, but rather his employer, TBF, in matters causing actual harm to the eToys Estate and me, Alber, as a party of interest and equity security holder.

69. A copy of the registered equity security holders list in this case given to me, Alber, at the direction of the Her Honor Walrath on October 16th, 2002, by Gregory Werkheiser, MNAT, showing Goldman Sachs as a party of interest in the eToys Bankruptcy Case.

70. Affidavits of the Firm Traub Bonacquist & Fox affirming absence of conflicts and acknowledging fulfillment of required Disclosure requirements.

71. Declaration of Barry Gold as Plan Administrator signed under "penalty of perjury".

72. Affidavit(s) of Morris Nichols Arsht & Tunnel ("MNAT").

73. Hearing on Goldman Sachs where MNAT failed to Appear.

74. Court Order fining MNAT for Failure to Appear.

75. Excerpt from UST Motion of February 15, 2005 which specifically references where he warned all parties that replacements of any key employee of Debtor had to be "arms length".

76. Excerpt(s) from Transcript showing I, Alber, questioning Barry Gold about a direct connection with TBF. Showing premeditated intent by Fred Rosner, TBF, MNAT, Barry Gold, Kenney and others to deceive.

77. Excerpt from Transcript of Dec 22, 2005 hearing of US Trustee statement by Frank Perch.

78. Response by Barry Gold of January 25, 2005.

79. Excerpt from Response of Barry Gold on January 25, 2005 with a first time view of the Barry Gold hiring letter, drafted by both Counsels and signed given Barry Gold "willful" circumvention of the Rule(s) and Code at his own volition in an endeavor to avoid Perjury and other Fraud statue violations.

80. Response of the Post Effective Date Committee ("PEDC") of January 25, 2005

81. Response of TBF on January 25, 2005.

82. Motion(s) of Haas/CLI to disqualify & disgorge.

83. Motion(s) of Robert Alber to disqualify & disgorge.

84. US Trustee Motion to Settle TBF issue(s) of February 25, 2005.

85. Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added)

86. UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ.

87. Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added)

88. UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ.

89. 28 USC 586(A)(3)(F)

90. Janet Reno Reform Act of 1994.

91. 18 USC 155 Fee Agreement statues against Scheme to Fix Fee's.

92. In re: Bonus Sales Document of Asset Disposition Advisors.

93. In re: Bonus Sales US Trustee note by Mark Kenney.

94. In re: Bonus Sales Transcript of discussion by Mark Kenney "ex parte" of conflicts with a counsel of the Estate and Creditors.

95. In re: Homelife Docket items by Paul Traub and Barry Gold in spring of 2001.

96. Sec of State of Delaware on Asset Disposition Advisors ("ADA").

97. Barry Gold's Testimony of connections to Jack Bush of IdeaForest, Bain, Stage Store's, Jumbo Sports.

98. Barry Gold's Testimony of connections to another director of Stage Store's, and Bombay Company, who was previous employer of Michael Glazer of KB Toys when eToys Assets were purchased by KB Toys.

99. SEC report of Stage Stores which shows Jack Bush and Michael Glazer (CEO of KB Toys).

100. KB Toys record on pre petition payment of Michael Glazer and others for more than $100 million.

101. KB Toys record on TBF asking to be the one to prosecute the Michael Glazer pre petition payments.

102. eToys Docket Records of purchases by KB Toys of eToys assets.

103. Barry Gold Testimony of working with Foothill owner Wells Fargo.

104. Paul Traub Testimony of working with Wells Fargo, Fleet and others.

105. 18 USC 1961 Code of Racketeer Influenced and Corrupt Organizations.

106. Kmart document showing Mark Kenney hand-picked TBF as Counsel for equity holders.

107. Fax of Barry Gold from Gadzooks.

108. US Trustee Motion notes In re: Bonus Sales on the company of Paul Traub and Barry Gold.

109. Document of Johnson & Johnson of Purchase of Baby Center.com from eToys pre-petition signed by one "Nancy A. Valente".

110. Document of formation of the Barry Gold/Paul Traub company of Asset Disposition Advisors ("ADA") registered agent of "Nancy A Valente".

111. Paul Traub's testimony on Hutchins, Wheeler involvement in forming ADA.

112. Paul Traub's Testimony in his deposition of Feb 9, 2005 where he states that he and Barry Gold were engaged by Fleet.

113. Documentation listing of Claims acquired by Madison Liquidity in eToys case.

114. IPO lawsuit of eToys vs. Goldman Sachs, Fleet, Credit Suisse and Merrill Lynch...

115. Paul Traub affidavit, and other affidavits, regarding MNAT vacating its role as debtors counsel in prosecuting the IPO litigation against Goldman Sachs and authorizing TBF to handle the case on behalf of the eToys Estate.

116. Rule(s) and Code(s) on the unlawful retaliation by a counsel in Bankruptcy cases for personal gain or vendetta.

---

While this list of documents and submissions may seem lengthy to some, the issues at hand and the seriousness of my allegations detailing a pattern of abuse from the beginning of this eToys Bankruptcy case, by virtually all Parties in control of this case and the eToys Estate, demands that such extreme actions be undertaken. Additionally, I submit that 'extraordinary circumstances' have occurred, as described by Chief Federal Judge Walrath in her October 4th, 2005, Opinion (of which certain parts thereof are the subject of this Appeal), and must needs demand that all facets of this case must be taken into account to arrive at a Just decision since a) this pattern of abuse started well before the Plan of Reorganization was approved by the Court, b) Appellees have already admitted to certain crimes and been found guilty of others, c) the ramifications and damages suffered by me, and which are derived from this abuse, will continue until the closing of this case, and finally d) this conduct by Appellees is willful and malicious in its intent. As many of the issues I've raised deal with Conflicts of Interests, and willful lack of Disclosure, and have been thus far found to be with willful intent to commit fraud upon the Court and the (eToys) Estate, and that such 'goes to the heart of the integrity of the bankruptcy system', this is justification for the amount of time and effort that must be expended investigating these issues by this Court.

Furthermore, several items need to be mentioned at this point. Namely:

Furthermore, several items need to be mentioned at this point. Namely:

1. I am a 'Party of Interest' as previously ruled by Her Honor Walrath, and as described in the eToys Plan of Reorganization and Disclosure Statement.
2. This Appeal is not against the eToys Estate (debtor).
3. The 'releases' and 'injunctions' indemnifying those running the Estate, and/or associated with it, were struck down in a hearing before Her Honor Walrath, and other reasons why 'releases' and 'injunctions' do not indemnify the Appellees are detailed in Her Honor Walrath's Opinion of October 4th, 2005.
4. Arguments by me, Alber, that MNAT does not in fact represent the eToys Estate (debtor) as proscribed by Law will be in detail, and conclusive.

Whereas Appellant does state that a copy of this document is executed this 24th day of October, 2005, and sent via courier to be received by the Clerk of the Court in the Federal District of Delaware for docket submission on October 24th, 2005, in accordance with Appeal Rules 8000 thru 8009.

**Dated:** Monday, October 24th, 2005

                                      Respectfully Submitted,

                                      Robert K. Alber, Pro Se
                                      eToys Shareholder
                                      Appellant
                                      17685 DeWitt Avenue
                                      Morgan Hill, CA 95037
                                      (408) 778-5241
                                      esg@hushmail.com

Clerk of the United States Bankruptcy Court
for the District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware 19801

SERVICE LIST

Mark Minuti, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Counsel for Barry Gold

G. David Dean, Esquire
Saul Ewing LLP
100 South Charles Street
Baltimore, MD 21202
Counsel for Barry Gold

Laser Steven Haas
President / CEO and sole shareholder
Collateral Logistics, Inc.
Laserhaas@msn.com
Bhaass@aol.com
(310) 819-7777

Paul Traub, Esquire
Traub, Bonacquist & Fox LLP
655 Third Avenue, 21st Floor
New York, NY 10017

Frederick Rosner, Esquire
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, DE 19801
Counsel for the Committee

James L. Garrity, Jr., Esquire
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Counsel for Traub, Bonacquist & Fox LLP

Ronald R. Sussman, Esquire
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY 10036-7798
Counsel for Traub, Bonacquist & Fox LLP

Robert J. Dehney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Mark S. Kenney, Esquire
J. Caleb Boggs Federal Building
844 King Street, Suite 2313, Lockbox 35
Wilmington, DE 19801
Office of the U.S. Trustee

John J. Rapisardi, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Counsel for Goldman Sachs & Co.

SEC
Gordon Robinson
3475 Lenox Road, Suite 1000
Atlanta, GA 30326
robinsone@sec.gov

SEC
Susan Sherrill-Beard
3475 Lenox Road, Suite 1000
Atlanta, GA 30326
sherrill-beards@sec.gov