**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ETOYS, INC., et al.[1], | : | Case Nos. 01-0706 (RB) Through 01-0709 (RB) |
| Debtors. | : | |
| ROBERT K. ALBER, *Pro Se*, | : | |
| Appellant, | : | Civil Action No. 05-830 (KAJ) |
| v. | : | |
| TRAUB, BONACQUIST & FOX LLP, BARRY GOLD, MORRIS NICHOLS ARSHT & TUNNEL LLP, AND POST-EFFECTIVE DATE COMMITTEE OF EBC I, INC., | : | |
| Appellees. | : | |

**APPELLEE'S MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED BY ROBERT K. ALBER TO BE INCLUDED IN THE RECORD ON APPEAL OF THE BANKRUPTCY COURT'S OCTOBER 4, 2005 ORDER**

Appellee Traub, Bonacquist & Fox LLP (TB&F" or "Appellee"), pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves to strike[2] certain documents improperly designated by Robert K. Alber ("Alber") to be included in the record on appeal of the October 4, 2005 Order (the "October 4 Order") of the United States

---

[1] The Debtors are the following entities: EBC I, Inc. f/k/a eToys, Inc. ("eToys"), EBC Distribution, LLC, f/k/a eToys Distribution LLC, PMJ Corporation and eKids, Inc.

[2] Pursuant to a motion dated November 3, 2005 filed in the Bankruptcy Court, Appellee sought identical relief as is being sought herein from the Bankruptcy Court. Following a hearing held on December 1, 2005, the Bankruptcy Court denied (on the record in open court) Appellees' motion on strictly procedural grounds without prejudice to re-file same in the District Court.

Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) (the "Bankruptcy Court"), *inter alia*, (i) denying in part and granting in part the emergency motion filed by Alber (the "Emergency Motion"), (ii) approving the settlement agreement between TB&F and the Office of the United States Trustee ("UST Settlement Motion"), and (iii) approving the settlement between the Post Effective Date Committee and Goldman Sachs & Co., for and upon the reasons set forth in the Bankruptcy Court's Opinion, dated October 4, 2005. In support of this Motion, Appellee respectfully represents and sets forth as follows:

**BACKGROUND**

1. On March 1, 2005, the Bankruptcy Court held a full evidentiary hearing (the "Hearing") to consider (a) the Emergency Motion and (b) the UST Settlement Motion. At the Hearing, the Court admitted into evidence, without objection, (a) four (4) exhibits offered by the Appellee and (b) fifteen (15) exhibits offered by the Appellant, all as reflected in the transcript of the Hearing.[3] In addition, the Court also admitted into evidence, without objection, the four deposition transcripts of Paul Traub, Michael Fox, Barry Gold and Michael Busenkell.

2. On October 14, 2005, Appellant filed its Notice of Appeal of the October 4 Order [Docket No. 2327]. On October 24, 2005, pursuant to Bankruptcy Rule 8006, Appellant filed its Designation of Record on Appeal (the "Appellant Designation")[4] [Docket No. 2332]. A copy of the Designation is attached hereto as Exhibit "A." On November 3, 2005, pursuant to Bankruptcy Rule 8006, Appellee filed its "Counter-Designation Of The Record To Be Included In Appeal By Robert K. Alber, Pro Se Appellant, And Counter-Statement Of The Issues On Appeal" (the

---

3 In addition to the trial exhibits introduced by Appellant and Appellee, appellees Barry Gold and Morris Nichols Arsht & Tunnell also introduced various trial exhibits into evidence.

4 In the Designation, Appellant has included characterizations of the substance of the documents referenced therein. Although Appellee has elected not to move to strike certain documents identified in the Designation, such determination should not be interpreted as Appellee's acquiescence to Appellant's characterizations.

"Appellee Counter-Designation")[5] [Docket No. 2340]. Appellee has included within the Appellee Counter-Designation all pleadings filed by the Appellant in the Debtors' bankruptcy cases that were not otherwise stricken by the Bankruptcy Court, all trial exhibits admitted into evidence by the Bankruptcy Court, and all other relevant matters made a part of the record below in connection with either the specific contested matter below or the Debtors' bankruptcy cases in general. A copy of the Appellee Counter-Designation is attached hereto as Exhibit "B."

3. In the Appellant Designation, CLI/Appellant has improperly attempted to include in the record on appeal a number of documents which were (A) not part of the record in connection with either the specific contested matter below or the Debtors' bankruptcy cases in general, (B) not considered by the Bankruptcy Court in entering the October 4 Order, (C) items that are totally incomprehensible so as to be unidentifiable with any precision from which either the court or interested parties can understand what is intended, (D) items that were stricken from the record by the Bankruptcy Court, and (E) items that have never been available to either the Bankruptcy Court below or the other parties in interest, including, but not limited to, Appellee.[6] Specifically, CLI/Appellant has improperly attempted to designate the following items:

| Designated No. | Description | Category |
|---|---|---|
| 4 | Affidavit of Lee Castillo (2nd) with testimony that the Creditors Committee was deceived in the hiring of Barry Gold. | A, D |
| 5 | Rulings by Her Honor Walrath describing me, Alber, as being a Party of Interest in this case. | C |

[5] In the Appellant Designation, Appellant has included characterizations of the substance of the documents referenced therein. Although Appellee has elected not to move to strike certain documents identified in the Appellant Designation, such determination should not be interpreted as Appellee's acquiescence to Appellant's characterizations.

[6] As can be seen from the chart below, Appellee has attempted to categorize as many of the improperly designated items as possible. The categorization is not intended to be exhaustive, and it is possible, indeed likely, that many of the items fall into multiple offensive categories.

| Designated No. | Description | Category |
|---|---|---|
| 6 | Rulings by Her Honor Walrath allowing me, Alber, to represent myself in these matters, with the provision that others may file Joinders to my Pleadings. | C |
| 7 | Rulings by Her Honor Walrath striking the Releases, Injunctions and Indemnification Language protecting any person/entity in this case. | A,C |
| 8 | Communications between members of the U.S. Trustee Program and me, Alber. | A,B,E |
| 9 | Relevant Rules requiring U.S, Trustee Program members to turn over reports of crimes to the Department of Justice for investigation, which were intentionally contravened by Mark Kenney and others within that program. UST Guidelines of 5-1.2.1 "Duty to Notify & Refer." | A,B,C,E |
| 10 | 5-1.2.2 referencing Judge Walrath's Order of 18 USC 3057 (a) Duty to Notify & Refer. | A,B,C,E |
| 11 | Communications between SEC Investigators and me, Alber. | A,B,E |
| 12 | Communications between voting members of the eToys PEDC and me, Alber. | A,B,C,E |
| 13 | Communications between Gregory W. Werkheiser, Esq., of MNAT, and me, Alber. | A,B,E |
| 14 | All filings in the eToys Bankruptcy Case by me, Alber, detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest. | C,D |
| 15 | All filings and submissions in the eToys Bankruptcy Case and elsewhere by eToys insider Steven "Laser" Haas, eToys liquidator, detailing various crimes against the eToys Estate by those within the eToys Estate, based on personal knowledge, information, documentation and other submissions. | A,C,D |
| 16 | All filings in the eToys Bankruptcy Case detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest, by MNAT (debtors counsel), Barry Gold (President/CEO, (Plan Administrator) and TBF (creditors committee PEDC counsel). | A,C,D |
| 17 | Relevant Court filings in the Stage Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 19 | Relevant Court flings in the Jumbo Sports Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 20 | Relevant Court filings in the Bonus Stores Bankruptcy Case showing the nun-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 21 | Relevant Court filings in the Drug Emporium Bankruptcy Case showing the nondisclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 22 | Relevant Court filings in the FAO Schwartz Bankruptcy Case. | A,B,C,E |
| 23 | Relevant Court filings in the Homelife Bankruptcy Case. | A,B,C,E |
| 24 | Relevant Court Flings in the Adelphia Bankruptcy Case. | A,B,C,E |
| 25 | Relevant Court filings in the Montgomery Wards Bankruptcy Case. | A,B,C,E |
| 26 | Relevant Court filings in the Brueners Bankruptcy Case. | A,B,C,E |
| 27 | Relevant Court filings in the L. Luria & Sons Bankruptcy Case. | A,B,C,E |
| 28 | Relevant Court filings in the Toys International/Playco Bankruptcy Case. | A,B,C,E |
| 29 | Relevant Court Flings in the Phar-Mor Bankruptcy Case. | A,B,C,E |
| 30 | Relevant Court Flings in the Zany Brainy Bankruptcy Case. | A,B,C,E |
| 31 | Relevant Court flings in the Gadzooks Bankruptcy Case. | A,B,C,E |
| 32 | Relevant Court filings in the KB Toys Bankruptcy Case. | A,B,C,E |
| 33 | Relevant Court filings in the eToys Bankruptcy Case (voluminous). | A,B,C |
| 34 | Relevant SEC flings for Clear Channel Communications showing MNAT, debtors counsel, having an actual Conflict of Interest with Defendants in eToys LPQ Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 35 | Other, relevant, SEC filings showing MNAT, debtors counsel, having actual and potential Conflicts of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 36 | Relevant SEC filings for Clear Channel Communications showing Shearman & Sterling, counsel for TBF in these proceedings, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 37 | Other, relevant, SEC filings. | A,B,C,E |
| 38 | Fee Applications in the eToys case for TBF, MNAT, Crossroads, Richard Cartoon and Irell & Manella. | A,B |
| 42 | Transcript of the October 16th, 2002, Court Hearing in the eToys Bankruptcy Case. | A,B |
| 43 | Transcript of the November 1st, 2002, Court Hearing in the eToys Bankruptcy Case. | A,B |
| 44 | Transcript of the August 5th, 2002, Court Hearing in the eToys Bankruptcy Case (on order, and which we will provide to this Court upon my receiving it). | A,B |
| 46 | Excerpts from various fee applications and other documentation in this case detailing how Barry Gold achieved a pay increase by applying directly to TBF members, and not through regular, accepted channels of communication and approval for such a pay increase to normally occur. | A,B,C |

| Designated No. | Description | Category |
|---|---|---|
| 50 | Excerpts from eToys Disclosure Statement and Liquidating Plan of Reorganization, showing language both prior to and after language Ordered by Judge Walrath, at my, Alber, insistence, being added to the Plan and Disclosure Statement. | A,B,C |
| 51 | Excerpts from eToys Supplement to the Liquidating Plan of Reorganization, showing 5.2 - Removal of Plan Administrator by Party(ies) of Interest | A,B,C |
| 52 | eToys Docket 1312, Disclosure of Barry F. Gold in his application to become eToys Plan Administrator, showing conflicting testimony as to what position he, Gold, was hired to fulfill within eToys, his further attempts to obfuscate Justice in not disclosing his status as employee and partner of Paul Traub, TBF, and other matters inconsistent with other testimony by Gold. | A,B,C |
| 53 | 2001-01-16 Initial, pre-bankruptcy filing of eToys STANDSTILL AGREEMENT with creditors and TBF retention. | A,B,C,E |
| 54 | 2000-12-04 Details of a special, confidential meeting between eToys Executives, Officers and Directors where impending Bankruptcy, Retention of Key Employees, and severance agreements between then-current eToys Executives was discussed and contracts entered into by Steve Schoch, Toby Tank and John Hnanicek. | A,B,C,E |
| 57 | Details gleaned from various SEC documents, eToys filings and other documentation describing eToys $40 million Revolving Credit Facility with Foothill Capital, a wholly owned subsidiary of Welts Fargo, paid off by eToys in a Preferential Payment which was never contested or even mentioned by Gold, MNAT, or any other entity in charge of running the day-to-day operations of the eToys Estate. | A,B,C,E |
| 58 | eToys Bankruptcy Filings by MNAT (and others) detailing IPO Litigation currently in the New York State Supreme Court system, whose authority tin behalf the Debtors. eToys, was transferred to TBF/eToys Creditors Committee, and now the eToys PEDC, while intentionally not Disclosing their relationships with defendants in the aforementioned IPO Litigation, causing perhaps irreparable harm to the eToys Estate and me, Alber, as an eToys party of interest and equity security holder. | C |
| 59 | Various Federal Court Rules, Codes and findings concerning Disclosure requirements in Federal Bankruptcy Proceedings. | C |
| 60 | Rule 2014 on Professional Persons | |
| 61 | Rule 2016 on Professional Persons | |
| 62 | Code 327 (a) Employment of Professional Persons | |
| 63 | Code 101(14) Definition(s) | |
| 64 | Code 105 (a) Sua Sponte | |
| 65 | Code 503(b) Substantial Contribution | |
| 66 | Rule 7024 Intervention | |

| Designated No. | Description | Category |
|---|---|---|
| 67 | Other Rules and Codes relevant to Bankruptcy Crimes which have occurred in the eToys Bankruptcy Case. | C |
| 68 | Excerpts from various eToys filings, depositions, testimony and transcripts proving that Barry Gold does not in fact hold Her Honor Walrath, as presiding Judge in these bankruptcy proceedings, as the ultimate authority, but rather his employer, TBF, in matters causing actual harm to the eToys Estate arid me, Alber, as a party of interest and equity security holder. | C |
| 69 | A copy of the registered equity security holders list in this case given to me, Alber, at the direction of the Her Honor Walrath on October 16th, 2002, by Gregory Werkheiser, MNAT, showing Goldman Sachs as a party of interest in the eToys Bankruptcy Case. | A,B,C,E |
| 70 | Affidavits of the Firm Traub Bonacquist & Fox affirming absence of conflicts and acknowledging fulfillment of required Disclosure requirements. | C |
| 71 | Declaration of Barry Gold as Plan Administrator signed under "penalty of perjury". | C |
| 72 | Affidavit(s) of Morris Nichols Arsht & Tunnel ("MNAT"). | C |
| 73 | Hearing on Goldman Sachs where MNAT failed to Appear | A,B,C |
| 74 | Court Order fining MNAT for Failure to Appear | A,B,C |
| 75 | Excerpt from UST Motion of February 15, 2005, which specifically references where he warned all parties that replacements of any key employee of Debtor had to be "arms length". | C |
| 76 | Excerpt(s) from Transcript showing I, Alber, questioning Barry Gold about a direct connection with TBF. Showing premeditated intent by Fred Rosner, TBF, MNAT, Barry Gold, Kenney and others to deceive. | A,B,C |
| 77 | Excerpt from Transcript of Dec. 22, 2005 hearing of US Trustee statement by Frank Perch. | C |
| 79 | Excerpt from Response of Barry Gold on January 25, 2005 with a first time view of the Barry Gold hiring letter, drafted by both Counsels and signed given Barry Gold "willful" circumvention of the Rule(s) and Code at his own volition in an endeavor to avoid perjury and other Fraud statue violations. | C |
| 85 | Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added) | A,B,C,E |
| 86 | UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ. | A,B,C,E |
| 87 | Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added) | A,B,C,E |
| 88 | UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ. | A,B,C,E |
| 89 | 28 USC 586(A)(3)(F) | A,B,C,E |
| 90 | Janet Reno Reform Act of 1994 | A,B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 91 | 18 USC 155 Fee Agreement statues against Scheme to Fix Fee's | A,B,C,E |
| 92 | In re: Bonus Sales Document of Asset Disposition Advisors | A,B,C,E |
| 93 | In re: Bonus Sales US Trustee note by Mark Kenney | A,B,C,E |
| 94 | In re: Bonus Sales Transcript of discussion by Mark Kenneth "ex parte" of conflicts with a counsel of the Estate and Creditors | A,B,C,E |
| 95 | In re: Homelife docket items by Paul Traub and Barry Gold in spring of 2001 | A,B,C,E |
| 97 | Barry Gold's Testimony of connections to Jack Bush of Idea Forest, Bain, Stage Store's, Jumbo Sports. | A,B,C,E |
| 98 | Barry Gold's Testimony of connections to another director of Stage Store's, and Bombay Company, who was previous employer of Michael Glazer of KB Toys when eToys Assets were purchased by KB Toys | A,B,C,E |
| 99 | SEC report of Stage Stores which shows Jack Bush and Michael Glazer (CEO of KB Toys). | A,B,C,E |
| 100 | KB Toys record on pre petition payment of Michael Glazer and others far mute than $100 million | A,B,C,E |
| 101 | KB Toys record on TBF asking to be the one to prosecute the Michael Glazer pre petition payments | A,B,C,E |
| 102 | eToys Docket Records of purchases by KB Toys of eToys assets | A,B,C,E |
| 103 | Barry Gold Testimony of working with Foothill owner Wells Forgo | A,B,C,E |
| 104 | Paul Traub Testimony of working with Wells Forgo, Fleet and others | A,B,C,E |
| 105 | 18 USC 1961 Code of Racketeer Influenced and Corrupt Organizations | A,B,C,E |
| 106 | Kmart document showing Mark Kenney hand-picked TBF as Counsel for equity holders. | A,B,C,E |
| 107 | Fate of Barry Gold from Gadzooks | A,B,C,E |
| 108 | US Trustee Motion notes In re: Bonus Sales on the company of Paul Traub and Barry Gold | A,B,C,E |
| 109 | Document of Johnson & Johnson of Purchase of Baby Center.com from eToys prepetition signed by one "Nancy A. Valente" | A,B,C,E |
| 110 | Document of formation of the Barry Gold/Paul Traub company of Asset Disposition Advisors ("ADA") registered agent of "Nancy A Valente". | |
| 111 | Paul Traub's testimony on Hutchins, Wheeler involvement in forming ADA | C |
| 112 | Paul Traub's Testimony in his deposition of Feb 9, 2005 where he states that he and Barry Gold were engaged by Fleet | C |
| 113 | Documentation listing of Claims acquired by Madison Liquidity in eToys case | A,B,C,E |
| 114 | IPO lawsuit of eToys vs. Goldman Sachs, Fleet, Credit Suisse and Merrill Lynch | B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 115 | Paul Traub affidavit, and other affidavits, regarding MNAT vacating its role as debtors counsel in prosecuting the IPO litigation against Goldman Sachs and authorizing TBF to handle the case on behalf of the eToys Estate | C |
| 116 | Rule(s) and Code(s) on the unlawful retaliation by a counsel in Bankruptcy cases for personal gain or vendetta | A,B,C,E |

## RELIEF REQUESTED

4. By this Motion, Appellee seeks the entry of an order pursuant to Bankruptcy Rule 8006, *inter alia*, striking the Improperly Designated Items, so that these items are not part of the appellate record on Appellant's appeal of the October 4 Order.

## APPLICABLE AUTHORITY

5. Bankruptcy Rule 8006 provides, in pertinent part,

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal . . .The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. . . .

6. The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting In re W.T. Grant Co., 432 F.Supp. 105, 106 (S.D.N.Y. 1977), which interpreted Bankruptcy Rule 8006, the predecessor of Bankruptcy Rule 8006). *See also* In re Neshaminy Office Bldg. Assocs. , 62 B.R. 798, 802 (E.D. Pa. 1986) (same); In re Food Fair, Inc., 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (same).

7. To be clear, "items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." Neshaminy, 62 B.R. at 802 (quoting In re Candor Diamond Corp., 26 B.R. 844, 846-47 (Bankr. S.D.N.Y. 1983). Deposition transcripts not filed in the underlying bankruptcy case nor offered in evidence during the hearing on the specific matter are not properly part of the record on appeal. In re Saco Local Dev. Corp., 13 B.R. 226, 229-230 (Bankr. D. Me. 1981).

8. The United States Court of Appeals for the Third Circuit has held that, where a particular contested matter is "sufficiently associated with the general administration of the debtor's estate," the relevant record should include documents filed in the main bankruptcy case. In re Indian Palms Associates, Ltd., 61 F.3d 197, 204-205 (3d Cir. 1995). The Third Circuit made clear, however, that a document included in the record on appeal is still subject to principles that limit its use, including evidentiary competence and a fair opportunity for rebuttal. Id. at 205.

9. While in some cases an appellate court can take judicial notice of adjudicative facts "not subject to reasonable dispute," it cannot do so if unfair to a party and would undermine the trial court's fact finding authority. Indian Palms, 61 F.3d at 205-206.

10. While some courts have held that disputes over the proper content of the appellate record are decided by the Bankruptcy Court in the first instance, there can be no dispute but that this Court has authority to fix the appellate record where a party seeks to improperly include matters, materials and issues that were not before the bankruptcy court below. *See* Neshaminy, 62 B.R. at 802; In re Armorflite Precision, Inc., 48 B.R. 994, 996 (D. Me. 1985); Food Fair, 15 B.R. at 571; Saco, 13 B.R. at 228–229. *But see* In re Dow Corning Corp., 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001) (Collier on Bankruptcy, in discussing Rule 8006 cites Dow Corning

for the proposition that there is "some doubt" as to whether the appellate may be heard to complain about an overly broad designation of the record and that the rule allows only addition and not subtraction from the record on appeal. Collier goes on to note, however, that the decision is "probably incorrect" citing Chateaugay 64 B.R. at 995 (SDNY 1986)).

**THE COURT SHOULD STRIKE THE IMPROPERLY DESIGNATED ITEMS SO THAT THEY ARE NOT INCLUDED IN THE RECORD ON APPEAL**

11. The above case law makes clear that the record on appeal should consist of only those items filed with, or introduced before, or available to the Court in connection with the proceedings that were considered by the Bankruptcy Court in entering the October 4 Order or the Debtors' bankruptcy cases, in general. Appellant's Improperly Designated Items do not meet any of these requirements and should not be included in the record on appeal.

12. Finally, none of the Improperly Designated Items may be included in the record under the doctrine of judicial notice, as inclusion would undermine the Court's fact finding authority, as the District Court would consider documents, for the first time on appeal, which were readily available and could have easily been requested to be admitted before this Court.

**WHEREFORE**, Appellee prays that the Court enter an order striking the Improperly Designated Items from the record on appeal of the October 4 Order, and that the Court grant Appellee such further relief as is just and proper.

Dated: December 19, 2005

**JASPAN SCHLESINGER HOFFMAN LLP**
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By: */s/ Frederick B. Rosner*
Frederick B. Rosner (No. 3995)
913 North Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 351-8000
Fax: (302) 351-8010

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:   (212) 479-6000
Fax:   (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:   (212) 848-4000
Fax:   (212) 848-7179