# EXHIBIT "1"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------x
In re:                                                :
                                                      :   Chapter 11
                                                      :
ETOYS, INC., et al.,[1]                               :   Case Nos. 01-0706 (RB)
                                                      :   Through 01-0709 (RB)
              Debtors.                                :
                                                      :
------------------------------------------------------x
ROBERT K. ALBER, Pro Se,                              :
                                                      :
              Appellant,                              :   Civil Action No. 05-830 (KAJ)
                                                      :
          v.                                          :
                                                      :
TRAUB, BONACQUIST & FOX LLP,                          :
BARRY GOLD, MORRIS NICHOLS                            :
ARSHT & TUNNEL LLP, AND POST-                         :
EFFECTIVE DATE COMMITTEE OF                           :
EBC I, INC.,                                          :
                                                      :
              Appellees.                              :
------------------------------------------------------x
```

## APPELLEE'S MOTION TO STRIKE ITEMS IMPROPERLY DESIGNATED BY ROBERT K. ALBER TO BE INCLUDED IN THE RECORD ON APPEAL OF THE BANKRUPTCY COURT'S OCTOBER 4, 2005 ORDER

Appellee Traub, Bonacquist & Fox LLP (TB&F" or "Appellee"), pursuant to Rule 8006

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves to strike[2]

certain documents improperly designated by Robert K. Alber ("Alber") to be included in the

record on appeal of the October 4, 2005 Order (the "October 4 Order") of the United States

---

[1]     The Debtors are the following entities: EBC I, Inc. f/k/a eToys, Inc. ("eToys"), EBC Distribution, LLC, f/k/a eToys Distribution LLC, PMJ Corporation and eKids, Inc.

[2]     Pursuant to a motion dated November 3, 2005 filed in the Bankruptcy Court, Appellee sought identical relief as is being sought herein from the Bankruptcy Court. Following a hearing held on December 1, 2005, the Bankruptcy Court denied (on the record in open court) Appellees' motion on strictly procedural grounds without prejudice to re-file same in the District Court.

16026

8

Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) (the "Bankruptcy Court"), *inter alia*, (i) denying in part and granting in part the emergency motion filed by Alber (the "Emergency Motion"), (ii) approving the settlement agreement between TB&F and the Office of the United States Trustee ("UST Settlement Motion"), and (iii) approving the settlement between the Post Effective Date Committee and Goldman Sachs & Co., for and upon the reasons set forth in the Bankruptcy Court's Opinion, dated October 4, 2005. In support of this Motion, Appellee respectfully represents and sets forth as follows:

## BACKGROUND

1.     On March 1, 2005, the Bankruptcy Court held a full evidentiary hearing (the "Hearing") to consider (a) the Emergency Motion and (b) the UST Settlement Motion. At the Hearing, the Court admitted into evidence, without objection, (a) four (4) exhibits offered by the Appellee and (b) fifteen (15) exhibits offered by the Appellant, all as reflected in the transcript of the Hearing.[3] In addition, the Court also admitted into evidence, without objection, the four deposition transcripts of Paul Traub, Michael Fox, Barry Gold and Michael Busenkell.

2.     On October 14, 2005, Appellant filed its Notice of Appeal of the October 4 Order [Docket No. 2327]. On October 24, 2005, pursuant to Bankruptcy Rule 8006, Appellant filed its Designation of Record on Appeal (the "Appellant Designation")[4] [Docket No. 2332]. A copy of the Designation is attached hereto as Exhibit "A." On November 3, 2005, pursuant to Bankruptcy Rule 8006, Appellee filed its "Counter-Designation Of The Record To Be Included In Appeal By Robert K. Alber, Pro Se Appellant, And Counter-Statement Of The Issues On Appeal" (the

---

[3]     In addition to the trial exhibits introduced by Appellant and Appellee, appellees Barry Gold and Morris Nichols Arsht & Tunnell also introduced various trial exhibits into evidence.

[4]     In the Designation, Appellant has included characterizations of the substance of the documents referenced therein. Although Appellee has elected not to move to strike certain documents identified in the Designation, such determination should not be interpreted as Appellee's acquiescence to Appellant's characterizations.

"Appellee Counter-Designation")[5] [Docket No. 2340]. Appellee has included within the Appellee

Counter-Designation all pleadings filed by the Appellant in the Debtors' bankruptcy cases that

were not otherwise stricken by the Bankruptcy Court, all trial exhibits admitted into evidence by

the Bankruptcy Court, and all other relevant matters made a part of the record below in

connection with either the specific contested matter below or the Debtors' bankruptcy cases in

general. A copy of the Appellee Counter-Designation is attached hereto as Exhibit "B."

      3.     In the Appellant Designation, CLI/Appellant has improperly attempted to include

in the record on appeal a number of documents which were (A) not part of the record in

connection with either the specific contested matter below or the Debtors' bankruptcy cases in

general, (B) not considered by the Bankruptcy Court in entering the October 4 Order, (C) items

that are totally incomprehensible so as to be unidentifiable with any precision from which either

the court or interested parties can understand what is intended, (D) items that were stricken from

the record by the Bankruptcy Court, and (E) items that have never been available to either the

Bankruptcy Court below or the other parties in interest, including, but not limited to, Appellee.[6]

Specifically, CLI/Appellant has improperly attempted to designate the following items:

| Designated No. | Description | Category |
|---|---|---|
| 4 | Affidavit of Lee Castillo (2nd) with testimony that the Creditors Committee was deceived in the hiring of Barry Gold. | A, D |
| 5 | Rulings by Her Honor Walrath describing me, Alber, as being a Party of Interest in this case. | C |

---

[5]     In the Appellant Designation, Appellant has included characterizations of the substance of the documents referenced therein. Although Appellee has elected not to move to strike certain documents identified in the Appellant Designation, such determination should not be interpreted as Appellee's acquiescence to Appellant's characterizations.

[6]     As can be seen from the chart below, Appellee has attempted to categorize as many of the improperly designated items as possible. The categorization is not intended to be exhaustive, and it is possible, indeed likely, that many of the items fall into multiple offensive categories.

| Designated No. | Description | Category |
|---|---|---|
| 6 | Rulings by Her Honor Walrath allowing me, Alber, to represent myself in these matters, with the provision that others may file Joinders to my Pleadings. | C |
| 7 | Rulings by Her Honor Walrath striking the Releases, Injunctions and Indemnification Language protecting any person/entity in this case. | A,C |
| 8 | Communications between members of the U.S. Trustee Program and me, Alber. | A,B,E |
| 9 | Relevant Rules requiring U.S, Trustee Program members to turn over reports of crimes to the Department of Justice for investigation, which were intentionally contravened by Mark Kenney and others within that program. UST Guidelines of 5-1.2.1 "Duty to Notify & Refer." | A,B,C,E |
| 10 | 5-1.2.2 referencing Judge Walrath's Order of 18 USC 3057 (a) Duty to Notify & Refer. | A,B,C,E |
| 11 | Communications between SEC Investigators and me, Alber. | A,B,E |
| 12 | Communications between voting members of the eToys PEDC and me, Alber. | A,B,C,E |
| 13 | Communications between Gregory W. Werkheiser, Esq., of MNAT, and me, Alber. | A,B,E |
| 14 | All filings in the eToys Bankruptcy Case by me, Alber, detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest. | C,D |
| 15 | All filings and submissions in the eToys Bankruptcy Case and elsewhere by eToys insider Steven "Laser" Haas, eToys liquidator, detailing various crimes against the eToys Estate by those within the eToys Estate, based on personal knowledge, information, documentation and other submissions. | A,C,D |
| 16 | All filings in the eToys Bankruptcy Case detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest, by MNAT (debtors counsel), Barry Gold (President/CEO, (Plan Administrator) and TBF (creditors committee PEDC counsel). | A,C,D |
| 17 | Relevant Court filings in the Stage Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 19 | Relevant Court flings in the Jumbo Sports Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 20 | Relevant Court filings in the Bonus Stores Bankruptcy Case showing the nun-disclosed relationships between Gold and others directly related to our case. | A,B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 21 | Relevant Court filings in the Drug Emporium Bankruptcy Case showing the nondisclosed relationships between Gold and others directly related to our case. | A,B,C,E |
| 22 | Relevant Court filings in the FAO Schwartz Bankruptcy Case. | A,B,C,E |
| 23 | Relevant Court filings in the Homelife Bankruptcy Case. | A,B,C,E |
| 24 | Relevant Court Flings in the Adelphia Bankruptcy Case. | A,B,C,E |
| 25 | Relevant Court filings in the Montgomery Wards Bankruptcy Case. | A,B,C,E |
| 26 | Relevant Court filings in the Brueners Bankruptcy Case. | A,B,C,E |
| 27 | Relevant Court filings in the L. Luria & Sons Bankruptcy Case. | A,B,C,E |
| 28 | Relevant Court filings in the Toys International/Playco Bankruptcy Case. | A,B,C,E |
| 29 | Relevant Court Flings in the Phar-Mor Bankruptcy Case. | A,B,C,E |
| 30 | Relevant Court Flings in the Zany Brainy Bankruptcy Case. | A,B,C,E |
| 31 | Relevant Court filings in the Gadzooks Bankruptcy Case. | A,B,C,E |
| 32 | Relevant Court filings in the KB Toys Bankruptcy Case. | A,B,C,E |
| 33 | Relevant Court filings in the eToys Bankruptcy Case (voluminous). | A,B,C |
| 34 | Relevant SEC flings for Clear Channel Communications showing MNAT, debtors counsel, having an actual Conflict of Interest with Defendants in eToys LPQ Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 35 | Other, relevant, SEC filings showing MNAT, debtors counsel, having actual and potential Conflicts of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 36 | Relevant SEC filings for Clear Channel Communications showing Shearman & Sterling, counsel for TBF in these proceedings, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues. | A,B,C,E |
| 37 | Other, relevant, SEC filings. | A,B,C,E |
| 38 | Fee Applications in the eToys case for TBF, MNAT, Crossroads, Richard Cartoon and Irell & Manella. | A,B |
| 42 | Transcript of the October 16th, 2002, Court Hearing in the eToys Bankruptcy Case. | A,B |
| 43 | Transcript of the November 1st, 2002, Court Hearing in the eToys Bankruptcy Case. | A,B |
| 44 | Transcript of the August 5th, 2002, Court Hearing in the eToys Bankruptcy Case (on order, and which we will provide to this Court upon my receiving it). | A,B |
| 46 | Excerpts from various fee applications and other documentation in this case detailing how Barry Gold achieved a pay increase by applying directly to TBF members, and not through regular, accepted channels of communication and approval for such a pay increase to normally occur. | A,B,C |

16026

-5-

| Designated No. | Description | Category |
|---|---|---|
| 50 | Excerpts from eToys Disclosure Statement and Liquidating Plan of Reorganization, showing language both prior to and after language Ordered by Judge Walrath, at my, Alber, insistence, being added to the Plan and Disclosure Statement. | A,B,C |
| 51 | Excerpts from eToys Supplement to the Liquidating Plan of Reorganization, showing 5.2 - Removal of Plan Administrator by Party(ies) of Interest | A,B,C |
| 52 | eToys Docket 1312, Disclosure of Barry F. Gold in his application to become eToys Plan Administrator, showing conflicting testimony as to what position he, Gold, was hired to fulfill within eToys, his further attempts to obfuscate Justice in not disclosing his status as employee and partner of Paul Traub, TBF, and other matters inconsistent with other testimony by Gold. | A,B,C |
| 53 | 2001-01-16 Initial, pre-bankruptcy filing of eToys STANDSTILL AGREEMENT with creditors and TBF retention. | A,B,C,E |
| 54 | 2000-12-04 Details of a special, confidential meeting between eToys Executives, Officers and Directors where impending Bankruptcy, Retention of Key Employees, and severance agreements between then-current eToys Executives was discussed and contracts entered into by Steve Schoch, Toby Tank and John Hnanicek. | A,B,C,E |
| 57 | Details gleaned from various SEC documents, eToys filings and other documentation describing eToys $40 million Revolving Credit Facility with Foothill Capital, a wholly owned subsidiary of Wells Fargo, paid off by eToys in a Preferential Payment which was never contested or even mentioned by Gold, MNAT, or any other entity in charge of running the day-to-day operations of the eToys Estate. | A,B,C,E |
| 58 | eToys Bankruptcy Filings by MNAT (and others) detailing IPO Litigation currently in the New York State Supreme Court system, whose authority tin behalf the Debtors. eToys, was transferred to TBF/eToys Creditors Committee, and now the eToys PEDC, while intentionally not Disclosing their relationships with defendants in the aforementioned IPO Litigation, causing perhaps irreparable harm to the eToys Estate and me, Alber, as an eToys party of interest and equity security holder. | C |
| 59 | Various Federal Court Rules, Codes and findings concerning Disclosure requirements in Federal Bankruptcy Proceedings. | C |
| 60 | Rule 2014 on Professional Persons | |
| 61 | Rule 2016 on Professional Persons | |
| 62 | Code 327 (a) Employment of Professional Persons | |
| 63 | Code 101(14) Definition(s) | |
| 64 | Code 105 (a) Sua Sponte | |
| 65 | Code 503(b) Substantial Contribution | |
| 66 | Rule 7024 Intervention | |

| Designated No. | Description | Category |
|---|---|---|
| 67 | Other Rules and Codes relevant to Bankruptcy Crimes which have occurred in the eToys Bankruptcy Case. | C |
| 68 | Excerpts from various eToys filings, depositions, testimony and transcripts proving that Barry Gold does not in fact hold Her Honor Walrath, as presiding Judge in these bankruptcy proceedings, as the ultimate authority, but rather his employer, TBF, in matters causing actual harm to the eToys Estate arid me, Alber, as a party of interest and equity security holder. | C |
| 69 | A copy of the registered equity security holders list in this case given to me, Alber, at the direction of the Her Honor Walrath on October 16th, 2002, by Gregory Werkheiser, MNAT, showing Goldman Sachs as a party of interest in the eToys Bankruptcy Case. | A,B,C,E |
| 70 | Affidavits of the Firm Traub Bonacquist & Fox affirming absence of conflicts and acknowledging fulfillment of required Disclosure requirements. | C |
| 71 | Declaration of Barry Gold as Plan Administrator signed under "penalty of perjury". | C |
| 72 | Affidavit(s) of Morris Nichols Arsht & Tunnel ("MNAT"). | C |
| 73 | Hearing on Goldman Sachs where MNAT failed to Appear | A,B,C |
| 74 | Court Order fining MNAT for Failure to Appear | A,B,C |
| 75 | Excerpt from UST Motion of February 15, 2005, which specifically references where he warned all parties that replacements of any key employee of Debtor had to be "arms length". | C |
| 76 | Excerpt(s) from Transcript showing I, Alber, questioning Barry Gold about a direct connection with TBF. Showing premeditated intent by Fred Rosner, TBF, MNAT, Barry Gold, Kenney and others to deceive. | A,B,C |
| 77 | Excerpt from Transcript of Dec. 22, 2005 hearing of US Trustee statement by Frank Perch. | C |
| 79 | Excerpt from Response of Barry Gold on January 25, 2005 with a first time view of the Barry Gold hiring letter, drafted by both Counsels and signed given Barry Gold "willful" circumvention of the Rule(s) and Code at his own volition in an endeavor to avoid perjury and other Fraud statue violations. | C |
| 85 | Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added) | A,B,C,E |
| 86 | UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ. | A,B,C,E |
| 87 | Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added) | A,B,C,E |
| 88 | UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ. | A,B,C,E |
| 89 | 28 USC 586(A)(3)(F) | A,B,C,E |
| 90 | Janet Reno Reform Act of 1994 | A,B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 91 | 18 USC 155 Fee Agreement statues against Scheme to Fix Fee's | A,B,C,E |
| 92 | In re: Bonus Sales Document of Asset Disposition Advisors | A,B,C,E |
| 93 | In re: Bonus Sales US Trustee note by Mark Kenney | A,B,C,E |
| 94 | In re: Bonus Sales Transcript of discussion by Mark Kenneth "ex parte" of conflicts with a counsel of the Estate and Creditors | A,B,C,E |
| 95 | In re: Homelife docket items by Paul Traub and Barry Gold in spring of 2001 | A,B,C,E |
| 97 | Barry Gold's Testimony of connections to Jack Bush of Idea Forest, Bain, Stage Store's, Jumbo Sports. | A,B,C,E |
| 98 | Barry Gold's Testimony of connections to another director of Stage Store's, and Bombay Company, who was previous employer of Michael Glazer of KB Toys when eToys Assets were purchased by KB Toys | A,B,C,E |
| 99 | SEC report of Stage Stores which shows Jack Bush and Michael Glazer (CEO of KB Toys). | A,B,C,E |
| 100 | KB Toys record on pre petition payment of Michael Glazer and others far mute than $100 million | A,B,C,E |
| 101 | KB Toys record on TBF asking to be the one to prosecute the Michael Glazer pre petition payments | A,B,C,E |
| 102 | eToys Docket Records of purchases by KB Toys of eToys assets | A,B,C,E |
| 103 | Barry Gold Testimony of working with Foothill owner Wells Forgo | A,B,C,E |
| 104 | Paul Traub Testimony of working with Wells Forgo, Fleet and others | A,B,C,E |
| 105 | 18 USC 1961 Code of Racketeer Influenced and Corrupt Organizations | A,B,C,E |
| 106 | Kmart document showing Mark Kenney hand-picked TBF as Counsel for equity holders. | A,B,C,E |
| 107 | Fate of Barry Gold from Gadzooks | A,B,C,E |
| 108 | US Trustee Motion notes In re: Bonus Sales on the company of Paul Traub and Barry Gold | A,B,C,E |
| 109 | Document of Johnson & Johnson of Purchase of Baby Center.com from eToys prepetition signed by one "Nancy A. Valente" | A,B,C,E |
| 110 | Document of formation of the Barry Gold/Paul Traub company of Asset Disposition Advisors ("ADA") registered agent of "Nancy A Valente". | |
| 111 | Paul Traub's testimony on Hutchins, Wheeler involvement in forming ADA | C |
| 112 | Paul Traub's Testimony in his deposition of Feb 9, 2005 where he states that he and Barry Gold were engaged by Fleet | C |
| 113 | Documentation listing of Claims acquired by Madison Liquidity in eToys case | A,B,C,E |
| 114 | IPO lawsuit of eToys vs. Goldman Sachs, Fleet, Credit Suisse and Merrill Lynch | B,C,E |

| Designated No. | Description | Category |
|---|---|---|
| 115 | Paul Traub affidavit, and other affidavits, regarding MNAT vacating its role as debtors counsel in prosecuting the IPO litigation against Goldman Sachs and authorizing TBF to handle the case on behalf of the eToys Estate | C |
| 116 | Rule(s) and Code(s) on the unlawful retaliation by a counsel in Bankruptcy cases for personal gain or vendetta | A,B,C,E |

## RELIEF REQUESTED

4.      By this Motion, Appellee seeks the entry of an order pursuant to Bankruptcy Rule 8006, *inter alia*, striking the Improperly Designated Items, so that these items are not part of the appellate record on Appellant's appeal of the October 4 Order.

## APPLICABLE AUTHORITY

5.      Bankruptcy Rule 8006 provides, in pertinent part,

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal . . .The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. . . .

6.      The record on appeal "should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision." In re Chateaugay Corp., 64 B.R. 990, 995 (S.D.N.Y. 1986) (quoting In re W.T. Grant Co., 432 F.Supp. 105, 106 (S.D.N.Y. 1977), which interpreted Bankruptcy Rule 8006, the predecessor of Bankruptcy Rule 8006). *See also* In re Neshaminy Office Bldg. Assocs. , 62 B.R. 798, 802 (E.D. Pa. 1986) (same); In re Food Fair, Inc., 15 B.R. 569, 572 (Bankr. S.D.N.Y. 1981) (same).

7.     To be clear, "items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." Neshaminy, 62 B.R. at 802 (quoting In re Candor Diamond Corp., 26 B.R. 844, 846-47 (Bankr. S.D.N.Y. 1983). Deposition transcripts not filed in the underlying bankruptcy case nor offered in evidence during the hearing on the specific matter are not properly part of the record on appeal. In re Saco Local Dev. Corp., 13 B.R. 226, 229-230 (Bankr. D. Me. 1981).

8.     The United States Court of Appeals for the Third Circuit has held that, where a particular contested matter is "sufficiently associated with the general administration of the debtor's estate," the relevant record should include documents filed in the main bankruptcy case. In re Indian Palms Associates, Ltd., 61 F.3d 197, 204-205 (3$^d$ Cir. 1995). The Third Circuit made clear, however, that a document included in the record on appeal is still subject to principles that limit its use, including evidentiary competence and a fair opportunity for rebuttal. Id. at 205.

9.     While in some cases an appellate court can take judicial notice of adjudicative facts "not subject to reasonable dispute," it cannot do so if unfair to a party and would undermine the trial court's fact finding authority. Indian Palms, 61 F.3d at 205-206.

10.     While some courts have held that disputes over the proper content of the appellate record are decided by the Bankruptcy Court in the first instance, there can be no dispute but that this Court has authority to fix the appellate record where a party seeks to improperly include matters, materials and issues that were not before the bankruptcy court below. See Neshaminy, 62 B.R. at 802; In re Armorflite Precision, Inc., 48 B.R. 994, 996 (D. Me. 1985); Food Fair, 15 B.R. at 571; Saco, 13 B.R. at 228–229. But see In re Dow Corning Corp., 263 B.R. 544, 548 (Bankr. E.D. Mich. 2001) (Collier on Bankruptcy, in discussing Rule 8006 cites Dow Corning

for the proposition that there is "some doubt" as to whether the appellate may be heard to

complain about an overly broad designation of the record and that the rule allows only addition

and not subtraction from the record on appeal. Collier goes on to note, however, that the

decision is "probably incorrect" citing <u>Chateaugay</u> 64 B.R. at 995 (SDNY 1986)).

<div align="center">

**THE COURT SHOULD STRIKE THE**
**IMPROPERLY DESIGNATED ITEMS SO THAT THEY**
**<u>ARE NOT INCLUDED IN THE RECORD ON APPEAL</u>**

</div>

11.     The above case law makes clear that the record on appeal should consist of only

those items filed with, or introduced before, or available to the Court in connection with the

proceedings that were considered by the Bankruptcy Court in entering the October 4 Order or the

Debtors' bankruptcy cases, in general. Appellant's Improperly Designated Items do not meet

any of these requirements and should not be included in the record on appeal.

12.     Finally, none of the Improperly Designated Items may be included in the record

under the doctrine of judicial notice, as inclusion would undermine the Court's fact finding

authority, as the District Court would consider documents, for the first time on appeal, which

were readily available and could have easily been requested to be admitted before this Court.

**WHEREFORE,** Appellee prays that the Court enter an order striking the Improperly

Designated Items from the record on appeal of the October 4 Order, and that the Court grant

Appellee such further relief as is just and proper.

Dated: December 19, 2005

<div align="right" style="margin-left:30%;">

**JASPAN SCHLESINGER HOFFMAN LLP**
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By:   <u>/s/ Frederick B. Rosner</u>
        Frederick B. Rosner (No. 3995)
        913 North Market Street, 12th Floor
        Wilmington, DE  19801
        Tel:    (302) 351-8000
        Fax:    (302) 351-8010

</div>

-and-

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY 10036-7798
Tel:    (212) 479-6000
Fax:    (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:    (212) 848-4000
Fax:    (212) 848-7179

# Exhibit "A"

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

----------------------------------------------X

In re:                                    Chapter 11

ETOYS, INC., et al.,                      Case Nos. 01-0706 (MFW)

           Debtors.

----------------------------------------------X

## DESIGNATION OF RECORD ON APPEAL BY
## APPELLANT ROBERT K. ALBER,
## ETOYS SHAREHOLDER

Pursuant to Bankruptcy Rule 8006 of the Federal Rules of Bankruptcy Procedure, Appellant, Robert K. Alber, eToys Shareholder and Pro Se (ALBER), hereby designates the following items and documents be included in the Record on Appeal, with respect to my "Intent to Appeal Notice" dated October 14th, 2005, with the 3rd Circuit Court of Appeals for the District of Delaware as my requested venue. Appellant, Alber, also Respectfully Requests that this Appeal be heard in oral argument under Bankruptcy Rule 8012.    In accordance with my understanding of Bankruptcy Rule 8012, I shall file a separate brief with the Clerk detailing my reasons in support of oral argument.

-1-

## Designation of Documents and Submissions

1. The Opinion of the Court, by Her Honor Walrath, on these issues dated October 4, 2005.

2. The Orders of the Court, by Her Honor Walrath, on these issues dated October 4, 2005.

3. Filing(s) by the U.S. Trustee, Kelley Stapleton, detailing TBF and Gold's pattern of failing to Disclose their relationships during the eToys Bankruptcy case, which I joined in part, and objected to in part.

4. Affidavit of Lee Castillo (2nd) with testimony that the Creditors Committee was deceived in the hiring of Barry Gold.

5. Rulings by Her Honor Walrath describing me, Alber, as being a Party of Interest in this case.

6. Rulings by Her Honor Walrath allowing me, Alber, to represent myself in these matters, with the provision that others may file Joinders to my Pleadings.

7. Rulings by Her Honor Walrath striking the Releases, Injunctions and Indemnification Language protecting any person/entity in this case.

8. Communications between members of the U.S. Trustee Program and me, Alber.

9. Relevant Rules requiring U.S. Trustee Program members to turn over reports of crimes to the Department of Justice for investigation, which were intentionally contravened by Mark Kenney and others within that program. UST Guidelines of 5-1.2.1 "Duty to Notify & Refer".

10. 5-1.2.2 referencing Judge Walrath's Order of 18 USC 3057 (a) Duty to Notify & Refer.

11. Communications between SEC Investigators and me, Alber.

12. Communications between voting members of the eToys PEDC and me, Alber.

13. Communications between Gregory W. Werkheiser, ESQ, of MNAT, and me, Alber.

14. All filings in the eToys Bankruptcy Case by me, Alber, detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest.

15. All filings and submissions in the eToys Bankruptcy Case and elsewhere by eToys insider Steven 'Laser' Haas, eToys liquidator, detailing various crimes against the eToys Estate by those within the eToys Estate, based on personal knowledge, information, documentation and other submissions.

- 2 -

16. All filings in the eToys Bankruptcy Case detailing various crimes against the eToys Estate and me, Alber, as a Party of Interest, by MNAT (debtors counsel), Barry Gold (President/CEO/Plan Administrator) and TBF (creditors committee/PEDC counsel).

17. Relevant Court filings in the Stage Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

18. Relevant Court filings in the Finova Bankruptcy Case showing the non-disclosed relationships between MNAT and others directly related to our case.

19. Relevant Court filings in the Jumbo Sports Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

20. Relevant Court filings in the Bonus Stores Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

21. Relevant Court filings in the Drug Emporium Bankruptcy Case showing the non-disclosed relationships between Gold and others directly related to our case.

22. Relevant Court filings in the FAO Schwartz Bankruptcy Case.

23. Relevant Court filings in the Homelife Bankruptcy Case.

24. Relevant Court filings in the Adelphia Bankruptcy Case.

25. Relevant Court filings in the Montgomery Wards Bankruptcy Case.

26. Relevant Court filings in the Brueners Bankruptcy Case.

27. Relevant Court filings in the L. Luria & Sons Bankruptcy Case.

28. Relevant Court filings in the Toys International/Playco Bankruptcy Case.

29. Relevant Court filings in the Phar-Mor Bankruptcy Case.

30. Relevant Court filings in the Zany Brainy Bankruptcy Case.

31. Relevant Court filings in the Gadzooks Bankruptcy Case.

32. Relevant Court filings in the KB Toys Bankruptcy Case.

33. Relevant Court filings in the eToys Bankruptcy Case (voluminous).

34. Relevant SEC filings for Clear Channel Communications showing MNAT, debtors counsel, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

35. Other, relevant, SEC filings showing MNAT, debtors counsel, having actual and potential Conflicts of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

36. Relevant SEC filings for Clear Channel Communications showing Shearman & Sterling, counsel for TBF in these proceedings, having an actual Conflict of Interest with Defendants in eToys IPO Litigation filed in the New York State Supreme Court, and other issues.

37. Other, relevant, SEC filings.

38. Fee Applications in the eToys case for TBF, MNAT, Crossroads, Richard Cartoon and Irell & Manella.

39. Transcript of the March 1st, 2005, Court Hearing in the eToys Bankruptcy Case.

40. Transcript of the February 1st, 2005, Court Hearing in the eToys Bankruptcy Case.

41. Transcript of the December 22nd, 2004, Court Hearing in the eToys Bankruptcy Case.

42. Transcript of the October 16th, 2002, Court Hearing in the eToys Bankruptcy Case.

43. Transcript of the November 1st, 2002, Court Hearing in the eToys Bankruptcy Case.

44. Transcript of the August 5th, 2002, Court Hearing in the eToys Bankruptcy Case (on order, and which we will provide to this Court upon my receiving it).

45. Transcript of the Deposition of Barry F. Gold, CEO/President/Plan Administrator of eToys on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath, showing, among other things, that Barry Gold is and has been an employee of TBF, and under direct, actual TBF direction, prior to and during his tenure as Wind-down Coordinator/President/CEO of eToys, prior to the Plan being approved by Her Honor Walrath.

46. Excerpts from various fee applications and other documentation in this case detailing how Barry Gold achieved a pay increase by applying directly to TBF members, and not through regular, accepted channels of communication and approval for such a pay increase to normally occur.

47. Transcript of the Deposition of Michael S. Fox, ESQ, TBF, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath.

48. Transcript of the Deposition of Paul Traub, ESQ, TBF, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath.

- 4 -

49. Transcript of the Deposition of Michael G. Busenkell, ESQ, MNAT, on February 9th, 2005, held in conjunction with the eToys Bankruptcy Case at the direction of Her Honor Walrath, showing that Mr. Busenkell has no regard and/or understanding of Rules governing attorney ethics in Federal Bankruptcy Court, that MNAT as a whole does not require attorney members of the MNAT Firm to know relevant, required, Law governing attorney ethics and Disclosure requirements, and other issues.

50. Excerpts from eToys Disclosure Statement and Liquidating Plan of Reorganization, showing language both prior to and after language Ordered by Judge Walrath, at my, Alber, insistence, being added to the Plan and Disclosure statement.

51. Excerpts from eToys Supplement to the Liquidating Plan of Reorganization, showing 5.2 – Removal of Plan Administrator by Party(ies) of Interest.

52. eToys Docket 1312, Disclosure of Barry F. Gold in his application to become eToys Plan Administrator, showing conflicting testimony as to what position he, Gold, was hired to fulfill within eToys, his further attempts to obfuscate Justice in not disclosing his status as employee and partner of Paul Traub, TBF, and other matters inconsistent with other testimony by Gold.

53. 2001-01-16 Initial, pre-bankruptcy filing of eToys STANDSTILL AGREEMENT with creditors and TBF retention.

54. 2000-12-04 Details of a special, confidential meeting between eToys Executives, Officers and Directors where impending Bankruptcy, Retention of Key Employees, and severance agreements between then-current eToys Executives was discussed and contracts entered into by Steve Schoch, Toby Lenk and John Hnanicek.

55. Documentation showing that the formation of ADA was by a third party, yet to be named, and not as a sole business venture between Barry Gold and Paul Traub (by their testimony).

56. Documentation from the New York Secretary of State's Office showing Traub, Bonacquist & Fox, LLP, has not been a Corporation in Good Standing in the State of New York since early in these eToys Bankruptcy proceedings, thereby bringing into question all fee applications filed by TBF under Rule 2016 and others. Their Corporate LLP status had been revoked on 2002-03-27.

57. Details gleaned from various SEC documents, eToys filings and other documentation describing eToys $40 million Revolving Credit Facility with Foothill Capital, a wholly owned subsidiary of Wells Fargo, paid off by eToys in a Preferential Payment which was never contested or even mentioned by Gold, MNAT, or any other entity in charge of running the day-to-day operations of the eToys Estate.

58. eToys Bankruptcy Filings by MNAT (and others) detailing IPO Litigation currently in the New York State Supreme Court system, whose authority on behalf the Debtors,

eToys, was transferred to TBF/eToys Creditors Committee, and now the eToys PEDC, while intentionally not Disclosing their relationships with defendants in the aforementioned IPO Litigation, causing perhaps irreparable harm to the eToys Estate and me, Alber, as an eToys party of interest and equity security holder.

59. Various Federal Court Rules, Codes and findings concerning Disclosure requirements in Federal Bankruptcy Proceedings.

60. Rule 2014 on Professional Persons

61. Rule 2016 on Professional Persons

62. Code 327 (a) Employment of Professional Persons

63. Code 101(14) Definition(s)

64. Code 105 (a) Sua Sponte

65. Code 503(b) Substantial Contribution

66. Rule 7024 Intervention

67. Other Rules and Codes relevant to Bankruptcy Crimes which have occurred in the eToys Bankruptcy Case.

68. Excerpts from various eToys filings, depositions, testimony and transcripts proving that Barry Gold does not in fact hold Her Honor Walrath, as presiding Judge in these bankruptcy proceedings, as the ultimate authority, but rather his employer, TBF, in matters causing actual harm to the eToys Estate and me, Alber, as a party of interest and equity security holder.

69. A copy of the registered equity security holders list in this case given to me, Alber, at the direction of the Her Honor Walrath on October 16th, 2002, by Gregory Werkheiser, MNAT, showing Goldman Sachs as a party of interest in the eToys Bankruptcy Case.

70. Affidavits of the Firm Traub Bonacquist & Fox affirming absence of conflicts and acknowledging fulfillment of required Disclosure requirements.

71. Declaration of Barry Gold as Plan Administrator signed under "penalty of perjury".

72. Affidavit(s) of Morris Nichols Arsht & Tunnel ("MNAT").

73. Hearing on Goldman Sachs where MNAT failed to Appear.

74. Court Order fining MNAT for Failure to Appear.

75. Excerpt from UST Motion of February 15, 2005 which specifically references where he warned all parties that replacements of any key employee of Debtor had to be "arms length".

76. Excerpt(s) from Transcript showing I, Alber, questioning Barry Gold about a direct connection with TBF. Showing premeditated intent by Fred Rosner, TBF, MNAT, Barry Gold, Kenney and others to deceive.

77. Excerpt from Transcript of Dec 22, 2005 hearing of US Trustee statement by Frank Perch.

78. Response by Barry Gold of January 25, 2005.

79. Excerpt from Response of Barry Gold on January 25, 2005 with a first time view of the Barry Gold hiring letter, drafted by both Counsels and signed given Barry Gold "willful" circumvention of the Rule(s) and Code at his own volition in an endeavor to avoid Perjury and other Fraud statue violations.

80. Response of the Post Effective Date Committee ("PEDC") of January 25, 2005

81. Response of TBF on January 25, 2005.

82. Motion(s) of Haas/CLI to disqualify & disgorge.

83. Motion(s) of Robert Alber to disqualify & disgorge.

84. US Trustee Motion to Settle TBF issue(s) of February 25, 2005.

85. Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added)

86. UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ.

87. Appeal Court rulings and standards on the "unambiguous" standard! (emphasis added)

88. UST Handbook and Guidelines on Duties and Fraud as part of the US DOJ.

89. 28 USC 586(A)(3)(F)

90. Janet Reno Reform Act of 1994.

91. 18 USC 155 Fee Agreement statues against Scheme to Fix Fee's.

92. In re: Bonus Sales Document of Asset Disposition Advisors.

93. In re: Bonus Sales US Trustee note by Mark Kenney.

94. In re: Bonus Sales Transcript of discussion by Mark Kenney "ex parte" of conflicts with a counsel of the Estate and Creditors.

95. In re: Homelife Docket items by Paul Traub and Barry Gold in spring of 2001.

96. Sec of State of Delaware on Asset Disposition Advisors ("ADA").

97. Barry Gold's Testimony of connections to Jack Bush of IdeaForest, Bain, Stage Store's, Jumbo Sports.

98. Barry Gold's Testimony of connections to another director of Stage Store's, and Bombay Company, who was previous employer of Michael Glazer of KB Toys when eToys Assets were purchased by KB Toys.

99. SEC report of Stage Stores which shows Jack Bush and Michael Glazer (CEO of KB Toys).

100. KB Toys record on pre petition payment of Michael Glazer and others for more than $100 million.

101. KB Toys record on TBF asking to be the one to prosecute the Michael Glazer pre petition payments.

102. eToys Docket Records of purchases by KB Toys of eToys assets.

103. Barry Gold Testimony of working with Foothill owner Wells Fargo.

104. Paul Traub Testimony of working with Wells Fargo, Fleet and others.

105. 18 USC 1961 Code of Racketeer Influenced and Corrupt Organizations.

106. Kmart document showing Mark Kenney hand-picked TBF as Counsel for equity holders.

107. Fax of Barry Gold from Gadzooks.

108. US Trustee Motion notes In re: Bonus Sales on the company of Paul Traub and Barry Gold.

109. Document of Johnson & Johnson of Purchase of Baby Center.com from eToys pre-petition signed by one "Nancy A. Valente".

110. Document of formation of the Barry Gold/Paul Traub company of Asset Disposition Advisors ("ADA") registered agent of "Nancy A Valente".

111. Paul Traub's testimony on Hutchins, Wheeler involvement in forming ADA.

- 8 -

112. Paul Traub's Testimony in his deposition of Feb 9, 2005 where he states that he and Barry Gold were engaged by Fleet.

113. Documentation listing of Claims acquired by Madison Liquidity in eToys case.

114. IPO lawsuit of eToys vs. Goldman Sachs, Fleet, Credit Suisse and Merrill Lynch...

115. Paul Traub affidavit, and other affidavits, regarding MNAT vacating its role as debtors counsel in prosecuting the IPO litigation against Goldman Sachs and authorizing TBF to handle the case on behalf of the eToys Estate.

116. Rule(s) and Code(s) on the unlawful retaliation by a counsel in Bankruptcy cases for personal gain or vendetta.

While this list of documents and submissions may seem lengthy to some, the issues at hand and the seriousness of my allegations detailing a pattern of abuse from the beginning of this eToys Bankruptcy case, by virtually all Parties in control of this case and the eToys Estate, demands that such extreme actions be undertaken.   Additionally, I submit that 'extraordinary circumstances' have occurred, as described by Chief Federal Judge Walrath in her October 4th, 2005, Opinion (of which certain parts thereof are the subject of this Appeal), and must needs demand that all facets of this case must be taken into account to arrive at a Just decision since a) this pattern of abuse started well before the Plan of Reorganization was approved by the Court, b) Appellees have already admitted to certain crimes and been found guilty of others, c) the ramifications and damages suffered by me, and which are derived from this abuse, will continue until the closing of this case, and finally d) this conduct by Appellees is willful and malicious in its intent.  As many of the issues I've raised deal with Conflicts of Interests, and willful lack of Disclosure, and have been thus far found to be with willful intent to commit fraud upon the Court and the (eToys) Estate, and that such 'goes to the heart of the integrity of the bankruptcy system', this is justification for the amount of time and effort that must be expended investigating these issues by this Court.

Furthermore, several items need to be mentioned at this point.  Namely;

- 9 -

Furthermore, several items need to be mentioned at this point. Namely:

1.  I am a 'Party of Interest' as previously ruled by Her Honor Walrath, and as described in the eToys Plan of Reorganization and Disclosure Statement.

2.  This Appeal is not against the eToys Estate (debtor).

3.  The 'releases' and 'injunctions' indemnifying those running the Estate, and/or associated with it, were struck down in a hearing before Her Honor Walrath, and other reasons why 'releases' and 'injunctions' do not indemnify the Appellees are detailed in Her Honor Walrath's Opinion of October 4th, 2005.

4.  Arguments by me, Alber, that MNAT does not in fact represent the eToys Estate (debtor) as proscribed by Law will be in detail, and conclusive.

Whereas Appellant does state that a copy of this document is executed this 24th day of October, 2005, and sent via courier to be received by the Clerk of the Court in the Federal District of Delaware for docket submission on October 24th, 2005, in accordance with Appeal Rules 8000 thru 8009.

**Dated:** Monday, October 24th, 2005

Respectfully Submitted,

Robert K. Alber, Pro Se
eToys Shareholder
Appellant
17685 DeWitt Avenue
Morgan Hill, CA  95037
(408) 778-5241
esg@hushmail.com

Clerk of the United States Bankruptcy Court
for the District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware  19801

- 10 -

SERVICE LIST

Mark Minuti, Esquire
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Counsel for Barry Gold

G. David Dean, Esquire
Saul Ewing LLP
100 South Charles Street
Baltimore, MD 21202
Counsel for Barry Gold

Laser Steven Haas
President / CEO and sole shareholder
Collateral Logistics, Inc.
Laserhaas@msn.com
Bhaass@aol.com
(310) 819-7777

Paul Traub, Esquire
Traub, Bonacquist & Fox LLP
655 Third Avenue, 21st Floor
New York, NY 10017

Frederick Rosner, Esquire
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, DE 19801
Counsel for the Committee

James L. Garrity, Jr., Esquire
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
Counsel for Traub, Bonacquist & Fox LLP

Ronald R. Sussman, Esquire
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY 10036-7798
Counsel for Traub, Bonacquist & Fox LLP

- 3 -

Robert J. Dehney, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Mark S. Kenney, Esquire
J. Caleb Boggs Federal Building
844 King Street, Suite 2313, Lockbox 35
Wilmington, DE 19801
Office of the U.S. Trustee

John J. Rapisardi, Esquire
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Counsel for Goldman Sachs & Co.

SEC
Gordon Robinson
3475 Lenox Road, Suite 1000
Atlanta, GA 30326
robinsone@sec.gov

SEC
Susan Sherrill-Beard
3475 Lenox Road, Suite 1000
Atlanta, GA 30326
sherrill-beards@sec.gov

**Steven Fox**

---

**From:**      Frederick B. Rosner [frosner@jshllp-de.com]
**Sent:**      Wednesday, October 26, 2005 1:01 PM
**To:**        Steven Fox; Minuti, Mark; Susan Balaschak
**Subject:**   FW: Ch-11 01-00706-MFW Designation of Items (Appellant) (Ap) - ETOYS, Inc., A Del


Frederick B. Rosner, Esq.
Jaspan Schlesinger Hoffman LLP
913 Market Street, 12th Floor
Wilmington, DE 19801
Telephone: 302-351-8000/8005
Facsimile: 302-351-8010
Mobile: 302-588-4253
E-mail: frosner@jshllp-de.com

---

**From:** DEBdb_ECF_Reply@deb.uscourts.gov [mailto:DEBdb_ECF_Reply@deb.uscourts.gov]
**Sent:** Wednesday, October 26, 2005 12:58 PM
**To:** dummail@deb.uscourts.gov
**Subject:** Ch-11 01-00706-MFW Designation of Items (Appellant) (Ap) - ETOYS, Inc., A Del

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**U.S. Bankruptcy Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from entered on 10/26/2005 at 12:57 PM EDT and filed on 10/24/2005
**Case Name:**        ETOYS, Inc., A Delaware Corporation
**Case Number:**      01-00706-MFW
**Document Number:** 2332

**Docket Text:**
Appellant Designation of Contents For Inclusion in Record On Appeal *Number 05-71* (related document (s)[2327] ) Filed by Robert K. Alber Appellee designation due by 11/3/2005. Transmission of Designation Due by 11/23/2005. (ALC, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** T:\Anissa\3.pdf


10/26/2005

# Exhibit "B"

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------------x
In re:                                               :
                                                     :    Chapter 11
                                                     :
ETOYS, INC., et al.,¹                                :    Case Nos. 01-0706 (RB)
                                                     :    Through 01-0709 (RB)
              Debtors.                               :
                                                     :
-----------------------------------------------------x
ROBERT K. ALBER, Pro Se,                             :
                                                     :
              Appellant,                             :    Civil Action No. 05-_____
                                                     :
       v.                                            :
                                                     :
TRAUB, BONACQUIST & FOX LLP,                         :
BARRY GOLD, MORRIS NICHOLS                           :
ARSHT & TUNNEL LLP, AND POST-                        :    [Related to Docket No. 2332]
EFFECTIVE DATE COMMITTEE OF                          :
EBC I, INC.,                                         :
                                                     :
              Appellees.                             :
-----------------------------------------------------x
```

## APPELLEE'S COUNTER-DESIGNATION
## OF THE RECORD TO BE INCLUDED IN APPEAL
## BY ROBERT K. ALBER, PRO SE APPELLANT, AND
## <u>COUNTER-STATEMENT OF THE ISSUES ON APPEAL</u>

Appellee Traub, Bonacquist & Fox LLP (TB&F" or "Appellee"), pursuant to

Rule 8006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

hereby submits (i) the following items to be included in the Record on Appeal herein, in

addition to those items designated by Appellant, Robert K. Alber, *Pro Se*, and (ii)

---

¹       The Debtors are the following entities: EBC I, Inc. f/k/a eToys, Inc. ("<u>eToys</u>"), EBC Distribution,
LLC, f/k/a eToys Distribution LLC, PMJ Corporation and eKids, Inc.

Appellee's Counter-Statement of the Issues on Appeal[2], in connection with Appellant's

appeal of the October 4, 2005 Order (the "October 4 Order") of the United States

Bankruptcy Court, District of Delaware (Walrath, C.J. presiding) (the "Court"), *inter*

*alia*, (i) denying in part and granting in part the emergency motion filed by Alber (the

"Emergency Motion"), (ii) approving settlement agreement between TB&F and the

Office of the United States Trustee ("UST Settlement Motion"), and (iii) approving

settlement between the PEDC and Goldman Sachs & Co., Inc., for and upon the reasons

set forth in its Opinion, dated October 4, 2005.

## COUNTER-DESIGNATION OF RECORD ON APPEAL

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 1. | 11/24/04 | 2128 | Motion for Order Approving Settlement With Goldman, Sachs & Co. |
| 2. | 12/14/2004 | 2141 | Objection by Collateral Logistics, Inc. to PEDC Motion to Settle With Goldman Sachs & Co. and Request for Court Action of Sanctions and Removal per Rule Due to Failure to Disclose and Possible Fraud. |
| 3. | 12/15/2004 | 2138 | Objection by Robert K. Alber to the Proposed Goldman Sachs & Co. Settlement. |
| 4. | 12/15/2004 | 2139 | Certification of No Objection of PEDC to Motion for Order Approving Settlement with Goldman Sachs & Co. (WITHDRAWN) |

---

[2]        In its Designation of the Record on Appeal, Appellant has failed to identify documents by their correct titles or by official docket numbers. As a result, Appellee is unable to determine precisely what documents Appellant is referring to in its Designation of the Record. Accordingly, in this Counter-Designation, Appellee herein designates all those items that it believes should be included in the Record on Appeal. In doing so, Appellee has included within the designated record all pleadings filed by Appellant that were not otherwise stricken by the Bankruptcy Court. In addition, Appellant has designated numerous items that were not part of the record below, and are inappropriate for inclusion in the Record on Appeal. Consequently, Appellee reserves the right to seek an order striking certain items from Appellant's designation.

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 5. | 12/15/2004 | 2143 | Notice of Withdrawal filed by PEDC to Certification of No Objection of PEDC Motion for Order Approving Settlement with Goldman Sachs & Co. |
| 6. | 12/20/2004 | 2145 | (Emergency) Motion filed by Robert K. Alber to Allow an Official Investigation, Request that Sanctions, Disgorgement of Fees and Immediate Removal of Barry Gold, Paul Traub, Michael Fox and Traub, Bonacquist & Fox LLP, Among Others be Effected Immediately |
| 7. | 12/22/2004 | 2146 | (Emergency) Motion of Collateral Logistics, Inc. to Allow Facts in Evidence, to Disqualify Traub, Bonacquist & Fox as Council for Creditors Committee and Request to Remove Barry Gold |
| 8. | 1/4/05 | 2152 | Transcript of Hearing Held on December 22, 2004 Before the Honorable Mary F. Walrath |
| 9. | 1/25/2005 | 2169 | Barry Gold's Response to Emergency Motions filed by Robert K. Alber and COLLATERAL LOGISTICS, INC. |
| 10. | 1/25/2005 | 2170 | PEDC's Response in Opposition to Emergency Motions filed by COLLATERAL LOGISTICS, INC. and Robert K. Alber |
| 11. | 1/25/2005 | 2171 | Objection by Traub, Bonacquist & Fox LLP to Motions Seeking, *Inter Alia*, Sanctions, Disgorgement of Fees, and Immediate Removal of Traub, Bonacquist & Fox LLP filed by Robert K. Alber and Collateral Logistics, Inc. |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 12. | 1/25/2005 | 2173 | Omnibus Response and Objection of EBC I, Inc., f/k/a eToys, Inc. Reorganized Debtor, to: (I) Objection of Robert K. Alber, on Behalf of Himself and Purported eToys Shareholders Group, to Motion for Order Approving Settlement with Goldman, Sachs & Co.; (II) Objection by Collateral Logistics, Inc. to PEDC Motion to Settle with Goldman Sachs and Request for Court Action of Sanctions and Removal all per Rule Due to Failure to Disclose and Possible Fraud; (III) Motion of Robert K. Alber, on Behalf of Himself and Purported eToys Shareholders Group, for Various Relief; and (IV) Motion of Collateral Logistics, Inc. for Various Relief |
| 13. | 1/25/2005 | 2178 | Motion of Robert K. Alber to Allow an Official Investigation by Initiated by the Court, the US Trustee Office, and/or the SEC into Violations of Code (a) and Rule 2014, and others, and Request that Sanctions, Disgorgement of Fees and the Immediate Removal of Debtors Counsel as Represented by Robert Dehney, Michael Busenkell, Gregory Werkheiser and Morris, Nichols, Arsht & Tunnell (MNAT), Among Others, be Effected Immediately |
| 14. | 2/8/05 | 2191 | Transcript of Hearing Held on February 1, 2005 Before the Honorable Mary F. Walrath |
| 15. | 2/9/2005 | 2189 | Scheduling Order (w/Revisions) re: Motions and MNAT Disqualification Motion |
| 16. | 2/11/2005 | 2193 | Objection of Morris, Nichols, Arsht & Tunnell to Motion of Robert K. Alber for Disqualification of Morris, Nichols, Arsht & Tunnell as Counsel to Reorganized Debtor, Disgorgement of Compensation and Other Relief |
| 17. | 2/11/2005 | 2194 | Response to and Reaffirmation of Emergency Requests Concerning Criminal and Civil Acts by Multiple Parties in the eToys Collective Cases, filed by Collateral Logistics, Inc. |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 18. | 2/15/2005 | 2195 | United States Trustee's Motion for Entry of an Order Directing Disgorgement of Fees to be Paid to Traub, Bonacquist & Fox (TBF) for Services Rendered as Counsel to the Official Committee of Unsecured Creditors |
| 19. | 2/24/2005 | 2201 | United States Trustee's Motion to Approve Settlement of Motion for Order Directing Disgorgement of Fees Paid to Traub Bonacquist & Fox LLP for Services Rendered as Counsel to Official Committee of Unsecured Creditors |
| 20. | 2/24/2005 | 2202 | United States Trustee's Motion to Shorten Time, to Limit Notice and to Approve Form and Manner of Notice in Connection with Motion to Approve Settlement of Motion for Order Directing Disgorgement of Fees Paid to Traub Bonacquist & Fox LLP for Services Rendered as Counsel to Official Committee of Unsecured Creditors |
| 21. | 2/25/2005 | 2205 | Emergency Motion by Traub, Bonacquist & Fox LLP to Continue Evidentiary Hearings |
| 22. | 2/28/2005 | 2210 | Order (with Revisions by the Court) Granting Traub, Bonacquist & Fox LLP's Emergency Motion to Continue Evidentiary Hearings |
| 23. | 3/1/2005 | 2212 | Limited Joiner and Response of Collateral Logistics, Inc. and Steve Haas to the US Trustee's Motion for Disgorgement and Earlier Statements of Disqualification of the Firm Traub, Bonacquist & Fox Along with Replacement of Barry Gold as Plan Administrator and Disqualification and Disgorgement of the Firm of Morris, Nichols Arsht & Tunnell |
| 24. | 3/1/2005 | 2213 | Hearing held on 3/1/2005 – Sign In Sheet |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 25. | 3/1/2005 | 2214 | Response Of Steve Haas President Of Collateral Logistics, Inc. To Barry Gold's Response On January 25th 2005 To The Motion Of Steve Haas And Collateral Logistics And The Separate Motion Of Robert K. Alber An eToys Shareholder Which Requested Emergency Actions Of The Court In The eToys Matter Due To Fraud And Failure To Disclose Along With Other Actions On December 22nd 2004 Including Sanctions Of Disqualification Disgorgement And The Appointment Of An Examiner Or Other Measures That The Court Deem Appropriate Under The Code To Correct Matters |
| 26. | 3/1/2005 | 2215 | Response Of Steve Haas President Of Collateral Logistics, Inc. Morris Nichols Arsht & Tunnel On January 25th 2005 Along With Their Relative Response In Feb. To The Motion Of Steve Haas And Collateral Logistics And The Separate Motion Of Robert K. Alber An eToys Shareholder Which Requested Emergency Actions Of The Court In The eToys Matter Due To Fraud And Failure To Disclose Along With Other Actions On December 22, 2004 Including Sanctions Of Disqualification Disgorgement And The Appointment Of An Examiner Or Other Measures That The Court Deem Appropriate Specifically To Assure Good Faith Compliance To The Plan By Debtor Under The Code To Correct Matters Of Fraud On Disclosure |
| 27. | 3/1/2005 | 2216 | Response Of Steve Haas President Of Collateral Logistics, Inc. To The Offer To Compromise And/Or Settle The Traub Bonacquist & Fox Along With Barry Gold And Other Related Matters With Broad Indemnification Language Presented That Is Hereby Objected To As Being Far To Lenient |
| 28. | 3/1/2005 | 2217 | Affidavit of Collateral Logistics, Inc. that Collateral Logistics, Inc. is Pro Se |
| 29. | 3/5/2005 | 2220 | Supplemental Response of Morris, Nichols, Arsht & Tunnell to Motion of Robert K. Alber for Disqualification of Morris, Nichols, Arsht & Tunnell as Counsel to Reorganized Debtor, Disgorgement of Compensation and Other Relief |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---------|-----------|-----------|------------------------|
| 30. | 3/9/2005 | 2221 | Joinder of Robert K. Alber Inter Alia the US Trustee's Motion for Entry of an Order Directing Disgorgement of Fees Paid to the Traub, Bonacquist & Fox LLP et al for Services Rendered as Counsel to Official Committee of Unsecured Creditors with this week Response to the Hearing of March 1, 2005 and the New Evidence Issues |
| 31 | 3/9/2005 | 2222 | Supplemental Statement of Robert K. Alber, eToys Shareholder, Requesting the Court Impose Harsher Sanctions on Traub, Bonacquist & Fox LLP and Disqualify Barry Gold as Plan Administrator (on behalf of Robert K. Alber as well as other ETYSQ shareholders of record) |
| 32. | 3/11/2005 | 2223 | Certificate of Service of Robert K. Alber to Joinder Inter Alia re: the US Trustee's Motion for Disgorgement of Fees Paid to Traub, Bonacquist & Fox LLP |
| 33. | 3/11/2005 | 2224 | Certificate of Service of Robert K. Alber to Supplemental Statement Requesting the Court Impose Harsher Sanctions on Traub, Bonacquist & Fox LLP and Disqualify Barry Gold as Plan Administrator |
| 34. | 3/15/2005 | 2225 | United States Trustee's Reply to Pleadings Styled as (A) Robert K. Alber Joining Inter Alia the United States Trustee's Motion for Order Directing Disgorgement of Fees Paid to Traub, Bonacquist & Fox LLP et al for Services Rendered as Counsel to Official Committee of Unsecured Creditors with This One Week Response to the Hearing of March 1, 2005 and the New Evidence Issues (D.I. 2221) and (B) Supplemental Statement by Robert K. Alber, eToys Shareholder, Requesting the Court Impose Harsher Sanctions on Traub, Bonacquist & Fox LLP and Disqualify Barry Gold as Plan Administrator (D.I. 2222) |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 35. | 3/15/2005 | 2226 | Response by Traub, Bonacquist & Fox LLP (A) in Support of US Trustee's Motion Seeking Approval of a Settlement with Traub, Bonacquist & Fox LLP and (B) in Opposition to (i) Supplemental Statement and Joinder in US Trustee Sanctions Motion Filed by Robert K. Alber, (ii) Limited Joinder and Response of Collateral Logistics, Inc. and Steve Haas to the US Trustee's Motion for Disgorgement and (iii) Response of Steve Haas President of Collateral Logistics, Inc. to the US Trustee's Offer to Compromise and/or Settle with Traub, Bonacquist & Fox LLP (Dockets Nos. 2145, 2146, 2201, 2202, 2211, 2216, 2221 and 2222 respectively) |
| 36. | 3/15/2005 | 2227 | Barry Gold's Response to Robert K. Alber's Joining of United States Trustee's Motion for Disgorgement (Docket No. 2221) and Supplement Statement (Docket No. 2222) |
| 37. | 3/15/2005 | 2228 | Transcript from Hearing held on March 1, 2005 |
| 38. | 3/15/2005 | 2229 | Response of EBCI, Inc. f/k/a eToys, Inc. Reorganized Debtor, to Supplemental Statement of Robert K. Alber |
| 39. | 3/15/2005 | 2231 | Response by Robert K. Alber to Supplemental Response of MNAT, eToys Debtors Counsel, eToys Docket 2220, which is a Response to eToys Docket 2178, Requesting Disqualification of MNAT, Disgorgement of Compensation Paid to MNAT for Services Rendered, Sanctions, and Other Relief, for Not Disclosing the Fact that they, MNAT, Had Not Disclosed their Relationship with Goldman Sachs (GS) and General Electric (GECC) |
| 40. | 3/17/2005 | 2232 | Second Supplemental Response of Morris, Nichols, Arsht & Tunnell to Motion of Robert K. Alber for Disqualification of Morris, Nichols, Arsht & Tunnell as Counsel to Reorganized Debtor, Disgorgement of Compensation and Other Relief |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| 41. | 10/4/2005 | 2319 | Opinion DENYING Motion of Collateral Logistics, Inc.; GRANTING IN PART and DENYING IN PART Motions of Robert K. Alber; APPROVING Settlement Between U.S. Trustee and Traub, Bonacquist, Fox LLP; APPROVING Settlement with Goldman Sachs & Co. |
| 42. | 10/4/2005 | 2320 | Order DENYING Motion of Collateral Logistics, Inc.; GRANTING IN PART and DENYING IN PART Motions of Robert K. Alber; APPROVING Settlement between U.S. Trustee and Traub, Bonacquist, Fox LLP; APPROVING Settlement with Goldman Sachs & Co. |
| 43. | 10/4/2005 | 2321 | Certificate of Service filed by Barry Gold, as Plan Administrator for the Substantively Consolidated Chapter 11 Estates of EBCI, Inc. f/k/a eToys, Inc. et al, for the Court's October 4, 2005 Opinion and October 4, 2005 Order |
| 44. | 10/14/2005 | 2326 | Notice of Appeal Of The Court's Decision Entered On October 4, 2005. Appeal Number 05-70, filed by Steven Haas, President of Collateral Logistics, Inc. |
| 45. | 10/14/2005 | 2327 | Notice of Appeal Of The Court's Decision Entered On October 4, 2005, filed by Robert K. Alber. |
| 46. | 11/24/05 | 2329 | Notice of Conditional Cross-Appeal |
| 47. | | | Transcript of Deposition of Paul Traub of February 9, 2005 |
| 48. | | | Transcript of Deposition of Michael S. Fox of February 9, 2005 |
| 49. | | | Transcript of Deposition of Barry Gold of February 9, 2005 |
| 50. | | | Transcript of Deposition of Michael Busenkell of February 9, 2005 |

| Tab No. | Date Filed | Docket No. | Description of Pleading |
|---|---|---|---|
| | | | **Traub, Bonacquist & Fox Exhibits** |
| 51. | | * | Two Page Documents. |
| 52. | | * | A1- Deposition of Paul Traub |
| 53. | | * | A2- Home Life Document |
| 54. | | * | A3- Billing Statements |
| 55. | | * | A4- New York Court Documents |
| 56. | | * | A6- Secretary of State Document |
| 57. | | * | T1- Paul Traub Declaration |
| 58. | | * | T2- Michael Fox Declaration |
| 59. | | * | G1- Barry Gold Declaration |
| 60. | | * | G2- Plan Administrator Agreement |
| | | | **Morris Nichols Arsht & Tunnell Exhibits** |
| 61. | | * | A1- Docket 868 |
| 62. | | * | A2- Docket 873 |
| 63. | | * | A3- Compilation |
| 64. | | * | A4- Transcript of December 6, 2001 |
| 65. | | * | A5- Transcript of November 19, 2001 |
| 66. | | * | A6- Billing Excerpts |
| 67. | | * | A7- Transcript of November 1, 2002 |
| 68. | | * | A8- TB&F Billing Statements |
| 69. | | * | MNAT's Objection and Attachments |

---

\*  March 1, 2005 Hearing Exhibit.

In accordance with Bankruptcy Rule 8006 and Local Rule 8006.1, Appellee has provided copies of the items designated herein to the Clerk of the Bankruptcy Court.

## COUNTER-STATEMENT OF ISSUES ON APPEAL[3]

1.     Whether the Bankruptcy Court's Opinion and October 4 Order, which denied the Alber Emergency Motion [Docket No. 2145] in full as relates to TB&F, Barry Gold and the United States Trustee, and granted the Alber Emergency Motion in part as relates to MNAT, were clearly erroneous?

2.     Whether the Bankruptcy Court was correct in determining that the UST Settlement Motion should have been approved under Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) as being within the range of reasonableness?

WHEREFORE, Appellee respectfully requests that the Clerk of the Bankruptcy Court transmit this Counter-Designation and the Record on Appeal to the Clerk of the United States District Court, District of Delaware.

Dated: November 3, 2005

**JASPAN SCHLESINGER HOFFMAN LLP**
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By:     */s/ Frederick B. Rosner*
        Frederick B. Rosner (No. 3995)
        913 North Market Street, 12th Floor
        Wilmington, DE  19801
        Tel:    (302) 351-8000
        Fax    302) 351-8010

            -and-

---

[3]     Appellant has sought to identify numerous issues on appeal. Appellee submits that most of the issues raised by appellant are not relevant to and should not be heard as part of this appeal. Appellee reserves all rights as to the scope of the issues to be heard on this appeal.

Ronald R. Sussman (RS-0641)
**KRONISH LIEB WEINER & HELLMAN LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:    (212) 479-6000
Fax:    (212) 479-6275

-and-

James L. Garrity, Jr. (JG-8389)
**SHEARMAN & STERLING LLP**
*Co-Counsel for Traub, Bonacquist & Fox LLP*
599 Lexington Avenue
New York, New York 10022
Tel:    (212) 848-4000
Fax:    (212) 848-7179