# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Gregory W. Werkheiser
302 351 9229
302 425 4663 Fax
gwerkheiser@mnat.com

March 10, 2006

**Via Hand Delivery**

Honorable Kent A. Jordan
United States District Court Judge
United States District Court
844 N. King Street
Wilmington, DE 19801

      Re:    **Steven Haas (a/k/a Laser Haas), As President of
Collateral Logistics, Inc. v. Traub, Bonacquist & Fox, et al.
(District Court Case No. 05-0829 (KAJ)
Robert K. Alber v. Traub, Bonacquist & Fox LLP, *et al.*
(District Court Case No. 05- 0830-KAJ)
Morris, Nichols, Arsht & Tunnell v. Traub, Bonacquist & Fox LLP, *et al.*
(District Court Case No. 05- 0831-KAJ)**

Dear Judge Jordan:

      I write on behalf of my firm Morris, Nichols, Arsht & Tunnell, LLP ("Morris Nichols") concerning the Orders, dated February 23, 2006 (the "February 23rd Orders") entered by this Court in connection with the following appeals to which Morris Nichols is a party: (a) the appeal captioned *Steven Haas (a/k/a Laser Haas), As President Of Collateral Logistics, Inc., v. Traub, Bonacquist & Fox LLP, et al.*, Civil Action No. 05-0829 (KAJ) (the "Haas Appeal"); (b) the related appeal captioned *Robert K. Alber v. Traub, Bonacquist & Fox LLP, et al.*, Civil Action No. 05-0830 (KAJ) (the "Alber Appeal"), and (c) the related conditional cross-appeal captioned *Morris, Nichols, Arsht & Tunnell v. Traub, Bonacquist & Fox LLP, et al.*, Civil Action No. 05-0829 (KAJ) (the "MNAT Cross-Appeal," and collectively with the Alber Appeal and the Haas Appeal, the "Appeals"). Pursuant to the February 23rd Orders, Your Honor has directed the parties to the Appeals to confer and submit a proposed briefing schedule by March 10, 2006. As described more fully below, appellees Morris Nichols, Barry Gold ("Mr. Gold") and Traub, Bonacquist Fox, LLP ("TBF," and collectively with Morris Nichols and Mr. Gold, the

Honorable Kent A. Jordan
March 10, 2006
Page 2

"Appellees") have attempted to confer with appellants Steven Haas (a/k/a Laser Haas) ("Mr. Haas") and Robert K. Alber ("Mr. Alber," and together with Mr. Haas, the "Appellants"), but the Appellees have received no response from the Appellants.

On or about February 27, 2006, each of the Appellees transmitted a letter (collectively, the "February 27th Letters") to this Court requesting that the Court consider certain pending motions prior to establishing a briefing schedule with respect to the Appeals.[1]  Copies of the February 27th Letters are attached as Exhibit A hereto.  When no response was immediately received from the Court, on March 6, 2006, Morris Nichols transmitted an email (the " March 6th Email"), which indicated that TBF and Mr. Gold joined therein, to the Appellants setting forth the terms of a proposed scheduling order to govern briefing of the Appeals (the "Proposed Scheduling Order"), in an effort to confer with the Appellants as per the Orders.  A copy of the March 6th Email is attached as Exhibit B hereto. That communication expressly requested that the Appellants transmit any objections to the terms of the Proposed Scheduling Order in writing to the Appellees so as to be received by March 8, 2006, at 5:00 p.m. (Eastern Time).  Further, the March 6th Email expressly noted that the Appellees would deem the Appellants' failure to respond to the March 6th Email as consent to the terms of the Proposed Scheduling Order and so inform this Court.

Neither Mr. Haas nor Mr. Alber has responded to the March 6th Email. Further, each of the other Appellees and the Office of the United States Trustee have informed Morris Nichols that they consent to the terms of the Proposed Scheduling Order.  Accordingly, per the February 23rd Orders, Morris Nichols has prepared and hereby submits a Proposed Scheduling Order,

---

[1] The pending motions include the following: (a) In connection with the Haas Appeal, each Appellee has filed a motion to dismiss the appeal on the basis that Mr. Haas individually does not have standing to prosecute the Haas Appeal and, as a non-lawyer, cannot represent Collateral Logistics, Inc. ("CLI") in connection with the Haas Appeal [Dist. Ct. Doc. Nos. 6, 7, 11 and 15] (the "Motions to Dismiss the Haas Appeal"); (b) in connection with the Haas Appeal, each Appellee has filed a motion to strike items that Mr. Haas improperly designated for inclusion in the record on appeal of the October 4 Opinion [Dist. Ct. Doc. Nos. 8, 12 and 18] (the "Motions to Strike the Haas Record"); (c) in connection with the Haas Appeal, each Appellee has filed a motions to stay further proceedings on the Haas Appeal pending the Court's disposition of the Motions to Dismiss the Haas Appeal and the Motions to Strike the Improper Haas Record [Dist. Ct. Doc. No. 9, 10 and 14] (the "Motions to Stay the Haas Appeal"); (d) in connection with the Alber Appeal, each Appellee has filed motions to strike items that Mr. Alber improperly designated for inclusion in the record on the appeal of the October 4 Opinion [Dist. Ct. Docket Nos. 8, 11 and 12] (the "Motions to Strike the Alber Record"); and (e) in connection with the Alber Appeal, each Appellee has filed and motions to stay further proceedings on the Alber Appeal pending the Court's disposition of the Motions to Strike the Improper Alber Record [Dist. Ct. Doc. Nos. 9, 10 and 13] (the "Motions to Stay the Alber Appeal"). The foregoing are collectively referred to as the "Pending Motions."

Honorable Kent A. Jordan
March 10, 2006
Page 3

attached as Exhibit C hereto, which incorporates the briefing schedule and related terms communicated to the Appellants in the March 6th Email.

While the Appellees are prepared to proceed with the Appeals at this time if the Court concludes that is appropriate, Morris Nichols and the other Appellees respectfully renew their requests that the Court consider the Pending Motions prior to entering the Proposed Scheduling Order or another scheduling order. The Appellees believe that Pending Motions, if granted, may substantially streamline proceedings in these Appeals and avoid the unnecessary consumption of judicial resources.

The Motions to Strike the Haas Record and the Motions to Strike the Alber Record address Appellants' improper attempts to include in the record on appeal dozens of documents and items which were (a) not part of the record in connection with either the specific contested matter below or the eToys bankruptcy cases in general, (b) not considered by the Bankruptcy Court in entering the Order that is the subject of the Appeals, (c) items that are totally incomprehensible so as to be unidentifiable with any precision from which either the Court or interested parties can understand what is intended, (d) items that were stricken from the record by the Bankruptcy Court, and (e) items that have never been available to either the Bankruptcy Court below or the other parties in interest, including, but not limited to, the Appellees. The Appellees are concerned that, absent a prior ruling addressing what materials are properly includable in the appellate record, the briefs and appendix on appeal will far exceed the record below.

Considering the Motion to Dismiss the Haas Appeal prior to briefing the merits of these Appeals likewise will advance the orderly disposition of these Appeals. If granted, the Motion to Dismiss the Haas Appeal may obviate the need for the parties and the Court to address certain matters potentially raised by the Haas Appeal that are collateral to the Bankruptcy Court's Order which is the subject of the Alber Appeal and the MNAT Cross-Appeal. Further, Morris Nichols notes that this Court has granted an identical dismissal motion filed by the Post-Effective Date Committee in an appeal (the "Haas/PEDC Appeal") filed by Mr. Haas in the eToys chapter 11 cases on identical grounds as are asserted in the Motion to Dismiss the Haas Appeal. *See Steven Haas v. Traub, Bonacquist & Fox, LLP, et al.,* No. 05-728 (KAJ) (D. Del. November 14, 2005) (dismissing appeal because Mr. Haas is not an interested party and further because CLI cannot appear *pro se*). The United States Court of Appeals for the Third Circuit also has dismissed the Haas/PEDC Appeal for failure to prosecute. *See Haas, et al., v. Post Effective Dates,* No. 5-5359 (3d Cir. Jan. 19, 2006).

Based on the foregoing and for the additional reasons stated in the Pending Motions, the Appellees respectfully request that the Court grant the Motions to Stay the Haas Appeal and the

Honorable Kent A. Jordan
March 10, 2006
Page 4

Motions to Stay the Alber Appeal prior to entering the Proposed Scheduling Order or another scheduling order.[2]

Respectfully,

*[signature]*

Gregory W. Werkheiser
Morris, Nichols, Arsht & Tunnell LLP

GWW/mf

cc:   Frederick B. Rosner, Esq.
      James L. Garrity, Esq.
      Ronald R. Sussman, Esq.
      Mark. Minuti, Esq.
      Mark S. Kenney, Esq.
      Steven E. Fox, Esq.
      Mr. Robert Alber
      Mr. Steven Haas

509637v5

---

[2] As the undersigned was finalizing this letter this letter for transmission to the Court, he learned from review of the Court's docket that Mr. Haas has filed today a document of more than thirty pages in length (excluding exhibits) that purports to be an objection to the Motions to Strike the Haas Record and the Motions to Dismiss the Haas Appeal [Dist. Ct. Doc. No. 31]. Insofar as this document purports to be an objection to such motions, it was filed more than two months beyond the answer deadline imposed pursuant to D. Del. L.R. 7.1.2. Nevertheless, cursory review of the document reveals that it ranges far beyond the subject matter of the Appeals and discusses and attaches materials that are both irrelevant to the Appeals and not properly part of the appellate record.