IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ETOYS, INC., et al., | ) | |
| | ) | Case Nos. 01-0706 (RB) |
| Debtors. | ) | through 01-0709 (RB) |
| | ) | |
| ROBERT K. ALBER, *Pro Se*, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-830 (KAJ) |
| | ) | |
| TRAUB, BONACQUIST & FOX LLP, | ) | |
| BARRY GOLD, MORRIS NICHOLS | ) | |
| ARSHT & TUNNELL LLP, and POST- | ) | |
| EFFECTIVE DATE COMMITTEE OF | ) | |
| EBC I, INC., | ) | |
| | ) | |
| Appellees. | ) | |

**MEMORANDUM ORDER**

I.   **INTRODUCTION**

This is an appeal brought by Robert K. Alber, seeking review of the October 4, 2005 order of the United States Bankruptcy Court for the District of Delaware in bankruptcy case nos. 01-706 to 01-709. Before me now are Motions to Strike items improperly designated by Mr. Alber to be included in the record on appeal, filed by Appellees Traub, Bonacquist & Fox LLP ("TBF") (Docket Item ["D.I."] 8), Barry Gold (D.I. 11), and Morris Nichols Arsht & Tunnell LLP ("MNAT") (D.I. 12). For the reasons that follow, the Motions to Strike will be granted.[1]

---

[1] TBF, Gold, and MNAT have also filed Motions to Stay further proceedings until the pending motions are resolved (D.I. 9, D.I. 10, D.I. 13). Because the Motions to Strike will be resolved here, the Motions to Stay will be denied as moot.

## II.    DISCUSSION

Federal Rule of Bankruptcy Procedure 8006 requires that "[w]ithin 10 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal . . . ." "The record should contain all documents necessary to afford a full understanding of the case. . . . [However,] [i]tems not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986) (internal citations omitted).

Here, Mr. Alber has included items in his designation (D.I. 2) that have not been sufficiently identified for me to determine whether they were part of the record before the bankruptcy court. (*See* D.I. 8 at 3-9.)[2] Therefore, I will grant the Motions to Strike those items noted by TBF, Gold, and MNAT: items 4-17, 19-38, 42-44, 46, 50-54, 57-77, 79, 85-95, 97-116 of Mr. Alber's designation. I will give Mr. Alber leave to submit an amended designation that must identify the designated items by docket item number to show that they were part of the record below.

## III.    CONCLUSION

Accordingly, for the reasons set forth herein, it is hereby ORDERED that the Motions to Strike (D.I. 8, D.I. 11, D.I. 12) are GRANTED. It is further ORDERED that Mr. Alber must submit any amendments to his designation of the record, identifying items by docket item number from the proceeding below, within two weeks of the date

---

[2]Gold (D.I. 11 at 2) and MNAT (D.I. 12 at 2) rely on arguments made by TBF (D.I. 8) to support their Motions to Strike.

of this order. It is further ORDERED that the Motions to Stay (D.I. 9, D.I. 10, D.I. 13) are DENIED AS MOOT.

UNITED STATES DISTRICT JUDGE

August 30, 2006
Wilmington, Delaware