# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Gregory W. Werkheiser
302 351 9229
302 425 4663 Fax
gwerkheiser@mnat.com

September 21, 2006

**Via Electronic Filing**
**And Hand Delivery**

The Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

> Re:  *Robert K. Alber v. Traub, Bonacquist & Fox LLP, et al.*
>      **(District Court Case No. 05- 0830-KAJ)**
>      *Morris, Nichols, Arsht & Tunnell v. Traub, Bonacquist & Fox LLP, et al.*
>      **(District Court Case No. 05- 0831-KAJ)**

Dear Judge Jordan:

I write on behalf of my firm Morris, Nichols, Arsht & Tunnell, LLP ("Morris Nichols") concerning (a) the scheduling order (Docket No. 25) (the "Alber Appeal Scheduling Order") entered September 20, 2006 on the docket of the appeal captioned *Robert K. Alber v. Traub, Bonacquist & Fox LLP, et al.*, Civil Action No. 05-0830 (KAJ) (the "Alber Appeal"), in which Morris Nichols is one of several appellees, and (b) the scheduling order (Docket No. 14) (the "MNAT Cross-Appeal Scheduling Order," and together with the Alber Appeal Scheduling Order, the "Scheduling Orders") entered September 19, 2006 on the docket of the related cross-appeal captioned *Morris, Nichols, Arsht & Tunnell v. Traub, Bonacquist & Fox LLP, et al.*, Civil Action No. 05-0831 (KAJ) (the "MNAT Cross-Appeal," and together with the Alber Appeal, the "Appeals"), in which Morris Nichols is the cross-appellant. Morris Nichols believes that a possible reading of the Scheduling Orders may lead to unintended results, including the filing of more briefs than would otherwise be necessary to address the subject matter of the Appeals. Accordingly, Morris Nichols respectfully requests that the Court clarify the Scheduling Orders at its earliest opportunity.

Honorable Kent A. Jordan
September 21, 2006
Page 2

    The decretal paragraphs of both Scheduling Orders are identical and read as follows: "[A]ppellant's opening brief shall be filed on or before September 27, 2006; appellees' answering brief shall be filed on or before October 11, 2006; and appellant's reply brief shall be filed on or before October 18, 2006." It is clear to us that Mr. Alber is the "appellant" referenced in the Alber Appeal Scheduling Order. It, however, is unclear to us whether Mr. Alber or Morris Nichols is being referenced as the "appellant" in the MNAT Cross-Appeal Scheduling Order.

    If the term "appellant" in the MNAT Cross-Appeal Scheduling Order refers to Morris Nichols it would have the effect of requiring Morris Nichols to file its opening brief in support of the narrow issues raised in its cross-appeal at the same time as Mr. Alber files his opening brief in support of the Alber Appeal. This structure would produce inefficiencies in that both Morris Nichols and Mr. Alber would be required to file additional briefs than would otherwise be necessary. If, however, the term "appellant" in the MNAT Cross-Appeal Scheduling Order refers to Mr. Alber it would have the effect of denying Morris Nichols tender a reply in support of the MNAT Cross-Appeal.

    We suggest that the Court and the parties may be better served by clarifying the Scheduling Orders as follows:

- Mr. Alber shall file his opening brief in support of the Alber Appeal on or before September 27, 2006.

- Appellees Traub, Bonacquist & Fox LLP, Barry Gold, Morris Nichols, Post-Effective Date Committee of EBC I, Inc. and the United States Trustee shall each file their respective answering briefs on or before October 11, 2006. Morris Nichols' answering brief shall double as its opening brief in support of the MNAT Cross-Appeal.

- Mr. Alber shall file any reply brief in support of the Alber Appeal on or before October 18, 2006. Mr. Alber's reply brief shall also double as his answering brief in opposition to the MNAT Cross-Appeal.

- Morris Nichols shall file any reply brief in support of the MNAT Cross-Appeal on or before October 25, 2006.

The foregoing briefing schedule will necessitate the filing of only four, rather than six sets of briefs. Further, while it is always in this Court's discretion to establish a different briefing schedule, the foregoing briefing schedule more closely tracks the default schedule for the briefing of a bankruptcy appeal when a cross-appeal is present contemplated by Rule 8009(a) of the Federal Rules of Bankruptcy Procedure. Rule 8009(a)(2) provides: "If the appellee has filed a cross appeal, the [answering] brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant." Rule 8009(a)(3) provides: "[I]f the appellee has cross-appealed, the appellee may file and serve a

Honorable Kent A. Jordan
September 21, 2006
Page 3

reply brief to the response of the appellant to the issues presented in the cross appeal within 10 days after service of the reply brief of the appellant."

On September 20, 2006, we attempted to contact Mr. Alber by e-mail (using the most recent email address Mr. Alber had provided in his communications with us) to ascertain whether Mr. Alber would consent to this clarification of the Scheduling Orders. A copy of that email is attached as Exhibit A hereto. Given the relatively short period of time until opening briefs are due under the Scheduling Orders, we requested Mr. Alber's response by 2:00 p.m. (prevailing Eastern Time) today, September 21, 2006. Mr. Alber, however, has not responded to our communication. We have also discussed this request with the other Appellees, and they have expressed no objection.

For the foregoing reasons, Morris Nichols respectfully requests that the Court clarify the Scheduling Orders, particularly as they relate to briefing in connection with the MNAT Cross-Appeal. To assist the Court in clarifying the briefing schedule for the Appeals, we have provided proposed "Amended Consolidated Scheduling Order" attached as Exhibit B hereto. In light of the short period of time until opening briefs are due under the Scheduling Orders, Morris Nichols respectfully asks that the Court act quickly to clarify the Scheduling Orders or, alternatively, to schedule a teleconference to consider this matter.

The undersigned is available at the Court's convenience should the Court wish to convene a hearing or teleconference to address this matter.

Respectfully,

Gregory W. Werkheiser
Morris, Nichols, Arsht & Tunnell LLP

GWW/mf

cc:   Frederick B. Rosner, Esq.
      James L. Garrity, Esq.
      Ronald R. Sussman, Esq.
      Mark. Minuti, Esq.
      Mark S. Kenney, Esq.
      G. David Dean, Esq.
      Steven E. Fox, Esq.
      Robert Alber

538036