IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                    :
                                          :   Chapter 11
                                          :
ETOYS, INC., et al.,                      :   Case Nos. 01-0706 (MFW)
                                          :   Through 01-0709 (MFW)
        Debtors.                          :
                                          :
---------------------------------------------------------x
ROBERT K. ALBER, *Pro Se*,                :
                                          :
        Appellant,                        :
                                          :
            v.                            :   Civil Action No. 05-830 (KAJ),
                                          :   procedurally consolidated with
TRAUB, BONACQUIST & FOX LLP,              :   Civil Action No. 05-0831 (KAJ)
BARRY GOLD, MORRIS NICHOLS                :
ARSHT & TUNNELL LLP, and POST-            :
EFFECTIVE DATE COMMITTEE OF               :
EBC I, INC.,                              :
                                          :
        Appellees.                        :
---------------------------------------------------------x

**REQUEST OF APPELLEE/CROSS-APPELLANT MORRIS, NICHOLS,
ARSHT & TUNNELL LLP FOR (I) STATUS CONFERENCE TO
ADDRESS CONSEQUENCES OF ROBERT K. ALBER'S FAILURE TO
TIMELY FILE OPENING APPEAL BRIEF AND (II) STAY OF
<u>DEADLINES FOR APPELLEES TO FILE THEIR BRIEFS</u>**

Appellee/Cross-Appellant Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols") hereby submits this request (the "Request") for (i) a status conference to address the consequences of the failure of Appellant Robert K. Alber ("Mr. Alber") to timely file his opening brief in connection with the above-captioned appeal (the "Appeal") and (ii) a stay of the deadlines for Morris Nichols and the other appellees

collectively with Morris Nichols, the "Appellees")[1] to file their answering briefs in connection with the Appeal and, in the case of Morris Nichols, a stay of the deadline for Morris Nichols to file its opening and reply briefs in connection with its procedurally consolidated cross-appeal, Civil Action No. 05-0831 (KAJ) (the "Cross-Appeal"). In support of this Request, Morris Nichols respectfully states as follows:

1. The Appeal has been pending since October 14, 2005.

2. On September 20, 2006, the Court entered a scheduling order in the Appeal (Docket Item 20), and on September 19, 2006, the Court entered a scheduling order in the Cross-Appeal (Docket Item 14) (together, the "Original Scheduling Orders"). The Original Scheduling Orders both provided as follows: "[A]ppellant's opening brief shall be filed on or before September 27, 2006; appellees' answering brief shall be filed on or before October 11, 2006; and appellant's reply brief shall be filed on or before October 18, 2006."

3. On September 21, 2006, Morris Nichols wrote the Court (Docket Item 26) requesting a clarification of the Original Scheduling Orders, particularly as such orders pertained o briefing in connection with the Cross-Appeal. A copy of Morris Nichols' September 21, 2006 letter to the Court is attached hereto as <u>Exhibit A</u>. Although Morris Nichols suggested certain modifications to the appellate briefing schedule, Morris Nichols did not seek to alter the September 27, 2006 deadline for the filing of Mr. Alber's opening brief.

---

[1] The other Appellees are: Traub, Bonacquist & Fox LLP; Barry Gold; the Post-Effective Date Committee of EBC I, Inc.; and the United States Trustee.

4. Mr. Alber responded with a letter to the Court on September 22, 2006 (Docket Item 27). A copy of Mr. Alber's letter is attached hereto as <u>Exhibit B</u>. In his letter, Mr. Alber requested an additional week to file his opening appeal brief, but otherwise assented to the modifications of the Original Scheduling Orders requested by Morris Nichols.

5. Also on September 22, 2006, Mr. Alber and Morris Nichols corresponded by e-mail and confirmed an agreement among Mr. Alber and all of the Appellees pursuant to which Mr. Alber would file his opening appeal brief by October 4, 2006. Copies of that e-mail correspondence are attached hereto as <u>Exhibit C</u>.

6. After being notified of the parties' agreement, on September 22, 2006, the Court entered its Amended Consolidated Scheduling Order (Docket Item 28), attached hereto as <u>Exhibit D</u>, by which it procedurally consolidated the Appeal and Cross-Appeal and established the following briefing schedule: Mr. Alber's opening appeal brief was to be filed by October 4, 2006; Appellees' respective answering briefs were to be filed by October 18, 2006 (with Morris Nichols' answering brief also serving as its opening brief in connection with the Cross-Appeal); Mr. Alber's reply brief was to be filed by October 25, 2006 (with Mr. Alber's reply brief also serving as his answering brief in connection with the Cross-Appeal); and Morris Nichols' reply brief in connection with the Cross-Appeal was to be filed by November 1, 2006.

7. The same day the Amended Consolidated Scheduling Order was entered, Morris Nichols caused a copy of the Order to be served upon Mr. Alber by e-mail. A copy of the e-mail correspondence reflecting service of the Order on Mr. Alber is attached hereto as <u>Exhibit E</u>.

3

8. Although Mr. Alber's opening appeal brief was due on October 4, 2006, Mr. Alber has yet to file his opening appeal brief. Mr. Alber has not contacted Morris Nichols; nor, on information and belief, has Mr. Alber contacted any of the other Appellees to request their consent to an extension of time to file his opening appeal brief. This Court's docket reflects no motion or request for an extension of time to file the opening appeal brief having been filed by Mr. Alber.

9. Because all Appellees are required to file their respective answering briefs by October 18, 2006, Mr. Alber's unexplained failure to file his opening appeal brief is prejudicial to both Morris Nichols and the other Appellees. Mr. Alber's delay may leave the Appellees with inadequate time in which to prepare and file their respective answering briefs. Indeed, it is possible that if Mr. Alber does not file his brief prior to October 18, 2006, the Appellees may be forced to file their answering briefs without ever having the benefit of knowing which of the myriad issues raised by Mr. Alber he is pursuing on appeal and what arguments Appellees need to respond to.

10. Morris Nichols therefore respectfully requests that this Court convene a status conference to address the consequences of Mr. Alber's failure to file his opening appeal brief. First, Morris Nichols requests that this Court direct M. Alber to file and serve his opening appeal brief within seven (7) calendar days of the status conference and provide for the dismissal with prejudice of Mr. Alber's appeal in the event that he fails to timely and properly file his opening appeal brief by the extended filing deadline. Second, Morris Nichols requests that this Court stay the deadlines for Morris Nichols and the other Appellees to file and serve their respective briefs until such time as the Court determines that Mr. Alber has timely and properly filed and served his opening appeal

4

brief. Upon such determination, Morris Nichols requests that the briefing schedule be updated to provide it and the other Appellees with at least as much time as they would have had to submit their respective briefs as would have been the case had Mr. Alber complied with the Amended Consolidated Scheduling Order. Finally, Morris Nichols respectfully requests that this Court grant such other and further relief as it deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: _____
Derek C. Abbott (No. 3376)
Gregory W. Werkheiser (No. 3553)
1201 N. Market St., 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

Dated: Wilmington, Delaware
       October 9, 2006