**EXHIBIT A**

1              IN THE UNITED STATES DISTRICT COURT

2              IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

   IN RE:                           Chapter 11
4                                :
   ETOYS, INC., et al.,          :    Case Nos. 01-0706 (MFW)
5                                :    through 01-0709 (MFW)
           Confirmed Debtors.   :
6    --------------------------------
   ROBERT K. ALBER, Pro Se,      :    CIVIL ACTION
7                                :
           Appellant,           :
8      ·   v                     :
                                 :
9    TRAUB BONAQUIST & FOX, LLP,  :
   BARRY GOLD, MORRIS NICHOLS    :
10   ARSHT & TUNNELL, LLP, and   :
   POST-EFFECTIVE DATE COMMITTEE :
11   OF EBC I, INC.,             :    NOS. 05-830 (KAJ)
                                 :    and  05-831 (KAJ)
12          Appellee.
                               - - -
13
                      Wilmington, Delaware
14            Monday, October 16, 2006 at 3:28 p.m.
                    TELEPHONE CONFERENCE
15
                              - - -
16
   BEFORE:        HONORABLE **KENT A. JORDAN**, U.S.D.C.J.
17
                              - - -
18   APPEARANCES:

19
           ROBERT K. ALBER
20
                 Pro Se Plaintiff
21

22

23

24                            Brian P. Gaffigan
                            Official Court Reporter
25

.

```
 1   APPEARANCES: (Continued)

 2

 3              DUANE MORRIS, LLP
                BY:  FREDERICK B. ROSNER, ESQ.
 4
                     and
 5
                KRONISH LIEB WEINER & HELLMAN, LLP
 6              BY:  RONALD R. SUSSMAN, ESQ.
                     (New York, New York)
 7
                          Counsel for Traub Bonaquist & Fox, LLP
 8       .

 9              OFFICE OF THE U.S. TRUSTEE
                BY:  MARK S. KENNEY, ESQ.
10
                          Counsel for the U.S. Trustee
11

12              MORRIS NICHOLS ARSHT & TUNNELL, LLP
                ATTN:  GREGORY W. WERKHEISER, ESQ.
13
                          Counsel for Morris Nichols
14                        Arsht & Tunnell, LLP

15
                SAUL EWING, LLP
16              BY:  MARK MINUTI, ESQ.

17                        Counsel for Barry Gold

18

19

20                        - oOo -

21                   P R O C E E D I N G S

22              (REPORTER'S NOTE:  The following telephone

23   conference was held in chambers, beginning at 3:28 p.m.)

24              THE COURT:  Hi, this is Judge Jordan.  Who do I

25   have on the line?
```

1          MR. WERKHEISER:  Good afternoon, Your Honor.

2   This is Gregory Werkheiser on behalf of Morris Nichols Arhst

3   & Tunnell, LLP.

4          THE COURT:  Okay.  Who else?  Anybody else on

5   the line?

6          MR. WERKHEISER:  Yes, Your Honor.  I guess I'll

7   go ahead.  I took a roll call before we called into the

8   Court and I can announce everybody else, if you would like.

9          THE COURT:  No, I would rather have them

10  announce themselves.

11          MR. WERKHEISER:  Certainly, Your Honor.

12          THE COURT:  So who else is on, please?  Don't be

13  shy.

14          Mr. Werkheiser, is there nobody else on this

15  call?

16          MR. WERKHEISER:  Well, I thought I had

17  everybody.  I apologize.  I thought I had everybody when I

18  called into the Court and we seem to have lost them.

19          THE COURT:  Mr. Alber, are you there?

20          Okay.  I'm going to hang-up.  You see what you

21  can do; all right, Mr. Werkheiser?

22          MR. WERKHEISER:  I'll ring you back momentarily.

23          (Brief recess taken.)

24          THE COURT:  Okay.  This is Judge Jordan.  Who do

25  I have on the line?

1              MR. WERKHEISER:  Your Honor, this is Gregory

2    Werkheiser again from Morris Nichols.  I believe we have all

3    the other parties as well this time.

4              THE COURT:  Okay.  Who else do I have on the

5    line?

6              MR. ALBERS:  Robert Albers.

7              THE COURT:  Okay.

8              MR. MINUTI:  Your Honor, this is Mark Minuti

9    from Saul Ewing.  I represent Barry Gold.

10             MR. KENNEY:  Good afternoon, Your Honor.  Mark

11   Kenney for the United States Trustee.

12             MR. SUSSMAN:  Good afternoon, Your Honor.

13   Ronald Sussman, Kronish Lieb Weiner & Hellman for the Traub

14   Bonaquist firm.

15             MR. ROSNER:  Your Honor, good afternoon.  Fred

16   Rosner with the Duane Morris firm in Wilmington, local

17   counsel for Traub Bonaquist & Fox.

18             THE COURT:  All right.  Anybody else?

19             All right.  Well, I've been trying to get this

20   case on track for resolution and have not been having a

21   great deal of success.  Today, this afternoon actually about

22   an hour ago, a little over an hour ago, I received a 22 page

23   motion with numerous attachments from Mr. Alber seeking an

24   enlargement of time to prepare and file his opening brief.

25             Has anybody else on this call besides Mr. Alber

```
 1    and me seen this document?

 2              MR. KENNEY:  Your Honor, it's Mark Kenney for

 3    the United States Trustee.  I have seen it.

 4              MR. SUSSMAN:  Ron Sussman.  We've seen it, Your

 5    Honor.

 6              MR. WERKHEISER:  Your Honor, Greg Werkheiser.  I

 7    have seen it also.

 8              MR. MINUTI:  Mark Minuti.  I have also seen the

 9    document, Your Honor.

10              THE COURT:  All right.  Well, then we're ready

11    to talk about this for a minute.

12              Mr. Alber.

13              MR. ALBER:  Yes, sir.

14              THE COURT:  I've got a couple questions for you.

15    First, you say you've been unable to prepare an opening

16    brief to articulate your position on why this appeal --

17    well, your positions on appeal but you've put together, as

18    I say, a 22 page motion with numerous attachments and a

19    comprehensive time line and your position on why you should

20    have more time.  Help me understand why if you can generate

21    a document like this, you are incapable of generating a

22    brief that would articulate your position on appeal.

23              MR. ALBER:  Well, as I tried to explain there

24    toward the end, I tried putting together the brief and it

25    actually took me over a week to put that together but when
```

1    it comes to codes and statutes and everything that I knew I

2    previously filed, I'm just overwhelmed with the stress and

3    anxiety and I'm having a really difficult time.  I had a

4    really difficult time putting that together and the only

5    reason I was able to put that together so well is because

6    I've been living through that case for the last -- well,

7    through both these cases for the last five years.

8        .        THE COURT:  Yes.  And I do want to put on this

9    record the basis for your motion, in addition to, of course,

10    your own assertions about your mental condition is a letter

11    dated October 6th, 2006 from a nurse practitioner at the

12    Sunrise Wellness Clinic in Stockton Hill Road, Kingman,

13    Arizona which reads in its entirety, meaning the body of

14    the letter, not citations and other things:  "Mr. Alber was

15    seen in my office today and requested I write this letter

16    to the Court for him.  He is experiencing extreme stress

17    and anxiety.  He states he has been working on some legal

18    proceedings which have been occupying all of his time and

19    energy.  This is causing insomnia and anxiety.  If it is

20    possible, could these legal matters be put on hold for a

21    time allowing Mr. Alber for a respite?"

22            Now, Mr. Alber, this appears to be a statement

23    by this nurse practitioner that your subjective complaints

24    are such that she would pose the question, could this be put

25    on hold for a time?  Do you have anything else to offer me

1    besides this as a basis for saying that you have a medical

2    proof that you are unable to proceed?

3              MR. ALBER:  No, I don't, Your Honor.  She is

4    my regular, what I would consider my doctor.  I am not

5    oftentimes ill and I go to her because of, you know, I have

6    Medicare.

7              THE COURT:  All right.  Let me ask for positions

8    from the other parties here because, of course, what you

9    have asked in your submission which hit the rest of us today

10   casts the circumstances in a somewhat different light.  We

11   were getting on the phone today to find out how to proceed

12   in light of your failure to respond.  Now I guess we're

13   going to be looking at that question in light of this

14   motion.

15             Mr. Werkheiser.

16             MR. WERKHEISER:  Your Honor, we haven't had an

17   opportunity to fully digest Mr. Alber's document but I think

18   we would oppose Mr. Alber's request.  I really didn't see

19   anything that would rise to the level of cause or excusable

20   neglect to extend a briefing deadline that was actively

21   discussed among the parties and affirmatively agreed to

22   before it was fixed.

23             THE COURT:  Mr. Minuti.

24             MR. MINUTI:  Your Honor, Mark Minuti.  I'll

25   make this short and sweet.  We agree with Mr. Werkheiser.

1    We don't believe Mr. Alber has shown cause.  I'll just leave

2    it at that.

3              THE COURT:  Mr. Kenney?

4              MR. KENNEY:  Your Honor, I don't believe there

5    is cause.  Reading Mr. Alber's document, he is under stress

6    from litigation which is endemic to engaging in litigation.

7              THE COURT:  Anybody on behalf of Traub Bonaquist

8    & Fox?

9              MR. SUSSMAN:  This is Mr. Sussman.  We oppose

10   the application, Your Honor.

11             THE COURT:  Reason?

12             MR. SUSSMAN:  Because we think he has failed to

13   show cause.

14             THE COURT:  All right.  Mr. Alber, I'll give you

15   a chance to their contentions that you haven't shown any

16   cause in this matter for an extension or sufficient cause

17   for an extension.

18             MR. ALBER:  Okay, Your Honor.  Thank you.  Well,

19   for one thing, I am completely unfamiliar with what I would

20   need to show cause.  The best I could think of to do was to

21   go to my regular doctor and try to explain the best I could

22   what I've been having to go through for several years now.

23             THE COURT:  And what would you propose besides

24   an open-ended extension?  Because your motion seems to say,

25   and I'm not quoting it now but telling you what I understand

1    it to be seeking by way of relief that this case stop until

2    you feel better.

3         MR. ALBER:  Well, thank you, Your Honor.  I'm

4    not expecting -- excuse me.  I'm not in particular asking

5    for an open-ended date.

6         THE COURT:  Did you suggest a date?

7         MR. ALBER:  The nurse practitioner suggested at

8    least 30 days and more to me.  She told me if I continue

9    along the pace I was going, I was possibly facing a complete

10   nervous breakdown.  So if we could put it at least 30 days

11   in the future, I could do that.  I'll have to take at least

12   a couple weeks off because it's going to take me at least a

13   couple weeks to put together this brief if I'm feeling

14   better.  Me being a pro se, I'm not asking for any special

15   consideration here, but it takes me a lot longer to put

16   together something like this than an experienced attorney.

17        THE COURT:  Yes, I'm not faulting your ability

18   to put together a position at all, Mr. Alber.  On the

19   contrary, Mr. Alber, I wonder why you couldn't put together

20   a brief in support of your appeal when you put together a

21   very fine document in articulating your position for an

22   extension clearly.  So it's not the ability you have, it's

23   the failure to exercise your ability in this instance to

24   produce an opening brief that has me asking these questions.

25        Well, here is what we're going to do.  I'm going

1    to give you your 30 days Mr. Alber.  I'll give you 30 days

2    to come up with this opening brief, okay?  Is that what I

3    understood you to be asking for?

4             MR. ALBER:  That would probably be fine, Your

5    Honor.  Yes.

6             THE COURT:  Okay.  If I understood you right,

7    I'll give you that.  Now, if you can't do it within the

8    30 days because you feel like you are still mentally and

9    emotionally at sea, then I will entertain a motion.  You go

10   ahead and tell me, file a document which you have to serve

11   on everybody, since that you didn't apparently do with the

12   current motion, because I don't think they saw it until we

13   posted it and they got their filing notice that way.  I

14   might be wrong about that but that's what I understand from

15   my staff you are obligated to file when you file to serve

16   all the parties.

17            MR. ALBER:  If I may interrupt for a second,

18   Your Honor.  We did send it out to all the parties.  I'm not

19   quite sure how they got it but we did.

20            THE COURT:  Okay.

21            MR. WERKHEISER:  We got it today.

22            MR. MINUTI:  Your Honor, I think we received it.

23            MR. KENNEY:  I had an e-mail this morning.  Mark

24   Kenney.

25            THE COURT:  All right.  Thanks.

1        MR. ALBER:  And we're in the process of mailing
2    them out, too.
3        THE COURT:  Okay.  Thank you.  I stand
4    corrected.  You need to send me a letter if you feel like
5    you can't meet that 30-day deadline that we're giving you,
6    and then you would need to also -- well, in effect, you
7    would, not a letter, send me a motion for further extension
8    of time.  And you would need to, of course, append your
9    further documentation from your medical provider.  And what
10   I will do at that point is I will entertain a motion from
11   any of the defendants under Rule 35(a) of the Federal Rules
12   of Criminal Procedure which provides that if a party's
13   mental or physical condition is at issue and good cause is
14   shown for requiring an independent examination, and in this
15   instance I would certainly consider it good cause shown, to
16   keep putting off briefing on appeal, we'll go ahead and
17   require you to submit to an independent examination by a
18   psychiatrist or a duly certified psychologist that all the
19   parties can agree on and you will bear at least half the
20   cost of that, maybe all the cost of that, depending on how
21   it comes out and we'll see whether, from an independent
22   practitioner, mental health practitioner's perspective you
23   are genuinely unable to proceed.  Because I don't want to
24   deprive you of your opportunity to make your case but I also
25   don't want to make people whose rights are at stake here on

1    the defendants' side wait indefinitely on the basis of

2    subjective complaints which are supported by no more than

3    the very sketchy statement, indeed question posed by your

4    nurse practitioner.  Do you understand what I'm saying,

5    Mr. Alber?

6              MR. ALBER:  Yes, I do, Your Honor.  If I might

7    ask either the Court or if any other counsel would just

8    comment, is my nurse practitioner that I regularly go to, is

9    that allowed in federal court or is it only a doctor that is

10   recognized?

11             THE COURT:  Well, I'm not sure.  If what

12   you're -- are you asking is it good enough to have a nurse

13   practitioner, as opposed to a medical doctor, saying you're

14   unfit?  I don't think we need to go there because I'm

15   telling you it doesn't turn on whether she is a nurse

16   practitioner or MD, it turns on her being your doctor who

17   has given no more to me than a very short one paragraph

18   statement that says Mr. Alber tells me he has got insomnia

19   and anxiety, couldn't you put this off, basically.

20             MR. ALBER:  Okay.

21             THE COURT:  So what I'm telling you is that's

22   not much but it's enough to get you 30 days.  And if you

23   still can't do it in that time frame, then we're going to

24   get you to a doctor that isn't your doctor, it's some

25   independent party with credentials associated with mental

1    health evaluation and we'll see how you are.

2             MR. ALBER:  Okay.  If I may, Your Honor, the

3    only consideration I would ask for in that respect is if I'm

4    going to have to burden me the cost, if the parties could do

5    their best to make sure they accept Medicare.

6             THE COURT:  Well, you can absolutely work with

7    the defendants to try to find somebody appropriate.  You

8    need to understand we're not, I'm not trying to make this

9    hard on you from a financial perspective.  On the contrary,

10   I'm trying to respect your needs but yours are not the only

11   needs I'm bound to respect.  I have to recognize that there

12   are other parties in this case.  They want this thing

13   resolved.  I'm sure you want it resolved.  But they have as

14   much right to have it resolved as you do and so I'm going to

15   be paying attention to their needs as well as yours; all

16   right?

17            MR. ALBER:  I understand, Your Honor.  That is

18   entirely fair.

19            THE COURT:  Okay.  Well, does anybody have any

20   questions about what I have said?  I answered a few for

21   Mr. Alber.  Any more from you, sir?

22            MR. MINUTI:  Your Honor, it's Mark Minuti.

23            THE COURT:  Just a moment.  Let me see if there

24   is anything else from Mr. Alber?

25            MR. ALBER:  No, I'm through, Your Honor.

1          THE COURT:  Mr. Werkheiser, any question from

2     you?

3          MR. WERKHEISER:  No, Your Honor.  Thank you.

4          THE COURT:  Mr. Minuti.

5          MR. MINUTI:  Yes, Your Honor.  Just so everybody

6     is clear on the phone, is the 30 days running from today as

7     opposed to the 4th which was the day his brief was due?

8          THE COURT:  It's running from today.

9          MR. MINUTI:  And, Your Honor, there is an order

10    already entered in the case with a specific deadline for the

11    appellees brief.  Do you want to set a reply deadline now?

12         THE COURT:  Well, we'll have that answering

13    brief due on the same time schedule, that is, the same gap

14    being between the two.  Now, I'm not sure but it's probably

15    two weeks to a month in between.

16         MR. KENNEY:  Mark Kenney.  I believe it was

17    15 days, Your Honor.

18         THE COURT:  15 days?  All right.  We'll

19    calculate it out 15 days.  And then we'll have the reply due

20    again on the same time frame, which is probably six or seven

21    days.  What is it?

22         MR. WERKHEISER:  I believe it was seven days,

23    Your Honor.

24         THE COURT:  Seven days.  All right.

25         MR. WERKHEISER:  Your Honor, this is Gregory

1    Werkheiser.   There was a reply contemplated on the prior

2    scheduling order for Morris Nichols' cross appeal, if

3    necessary.

4              THE COURT:   Well, you folks figure it out on the

5    same basis; all right?

6              MR. WERKHEISER:   Yes.  Certainly, Your Honor.

7              THE COURT:   In other words, we're shoving

8    everything back 30 days from today. in recognition of what

9    Mr. Alber contends is a medical need.  And that's how we'll

10   proceed.  And indeed, I'll ask you folks at Morris Nichols

11   if you wouldn't mind to take the lead in drafting up a short

12   scheduling order, form of order which gives content to the

13   remarks I have made here.  That is saying opening brief from

14   Mr. Alber due 30 days from today, whatever that date is, et

15   cetera, et cetera; all right?

16             MR. WERKHEISER:   Yes, Your Honor.  Should

17   that incorporate your original ruling with respect to

18   consideration of a further extension request as well?

19             THE COURT:   No, I think the transcript is

20   sufficient for that because we may not need to go there

21   ultimately.  And if we do, there is time enough to

22   incorporate it in a further written order, but I believe

23   everybody understands what I have explained on this call

24   and then that should suffice for the time being.

25             MR. SUSSMAN:   Your Honor, this is Ron Sussman.

1    If you will indulge me with one separate but related item I

2    would like to ask the Court about.

3              THE COURT:  All right.

4              MR. SUSSMAN:  There is a designation of the

5    record that Mr. Alber has made that the defendants uniformly

6    think is an improper designation and we were wondering if we

7    could get some guidance from the Court as to how you would

8    like.to handle that.

9              THE COURT:  I think you should handle it the

10   way you did the last time.  My understanding is you made a

11   motion to strike and if you can talk with Mr. Alber, if he

12   feels well enough to talk with you about your concerns, talk

13   with him.  If he says I don't feel like I can talk to you,

14   then you file your own separate designation of the record,

15   and if I agree with you that he is out of bounds -- I mean

16   this is one of those things that ought not be that hard.

17   It just shouldn't be that hard.  There is stuff that is

18   properly in the court below which can be in a record on

19   appeal.  If it's not properly in the record on appeal

20   because it wasn't something presented in the court below, it

21   shouldn't be in the designation or attempted designation of

22   the records.  It's pretty much that simple, I think.  So if

23   he is not either willing to or able to cooperate, you let me

24   know what your position is, and if it's as straightforward

25   as it sounds like it may be, we'll make sure that the right

1    kind of relief gets accorded to whoever is aggrieved by an

2    improper designation.

3              MR. SUSSMAN:  Thank you, judge.

4              THE COURT:  Okay.  Does anybody else have any

5    questions about what we covered on this call?

6              Hearing nothing, I'll thank you for your time.

7    I'll look forward to getting that form of order setting the

8    dates and times back and we'll conclude today.  Thanks.

9    Good-bye.

10             (The attorneys respond, "Thank you, Your

11   Honor.")

12             (Telephone conference ends at 3:52 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25