**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

```
----------------------------------------------------x
In re:                                  :
                                        :   Chapter 11
                                        :
ETOYS, INC., et al.,                    :   Case Nos. 01-0706 (MFW)
                                        :   Through 01-0709 (MFW)
          Debtors.                      :
                                        :
----------------------------------------------------x
ROBERT K. ALBER, Pro Se,                :
                                        :
          Appellant,                    :
                                        :
          v.                            :   Civil Action No. 05-830 (SLR),
                                        :   procedurally consolidated with
TRAUB, BONACQUIST & FOX LLP,            :   Civil Action No. 05-0831 (SLR)
BARRY GOLD, MORRIS NICHOLS             :
ARSHT & TUNNELL LLP, and POST-         :
EFFECTIVE DATE COMMITTEE OF            :
EBC I, INC.,                            :
                                        :
          Appellees.                    :
----------------------------------------------------x
```

**APPELLEES' EMERGENCY MOTION TO (A) CLARIFY THE ABSENCE
OF BRIEFING DEADLINES; (B) DEFER APPEAL BRIEFING PENDING
DECISION ON APPELLEES' MOTION TO DISMISS, OR IN
THE ALTERNATIVE, (C) ESTABLISH BRIEFING SCHEDULE TO
GOVERN THESE PROCEDURALLY CONSOLIDATED APPEALS**

Appellees Traub, Bonacquist & Fox LLP ("TB&F") and Barry Gold

("Gold"), and Appellee/Cross-Appellant Morris, Nichols, Arsht & Tunnell LLP ("Morris

Nichols," and collectively with TB&F and Gold, the "Appellee Movants") file this

emergency motion for the entry of an order clarifying that there is no current schedule

governing the further briefing of these procedurally consolidated appeals, and to the

extent necessary, deferring further briefing on the merits of these procedurally

consolidated appeals pending a decision on the Appellees' Motion to Dismiss (as defined

below). In the alternative, the Appellee Movants request that the Court enter an appropriate briefing schedule to govern these appeals. In support of this motion, the Appellee Movants show as follows:

## BACKGROUND

1. On November 17, 2006, the Appellee Movants filed their Motion To Dismiss Appeal For Failure To Prosecute and accompanying memorandum of law [App. Docket Items 40 and 41] (collectively the "Motion") to address the dilatory conduct and willful failure to abide by the rules and orders of this Court of appellant Robert K. Alber ("Alber") in connection with the above-captioned appeal (the "Appeal").[1] Alber's bad faith behavior has delayed the resolution of this Appeal and the related cross-appeal filed by Morris Nichols, Civil Action No. 05-0831 (KAJ) (the "Cross-Appeal," and together with the Appeal, the "Appeals"), for more than one year. As described below, Alber was given at least three chances to timely file his opening brief, but he failed to comply with any of the Court imposed deadlines.

2. On September 22, 2006, the Court entered its Amended Consolidated Scheduling Order [App. Docket Item 28] (the "First Amended Scheduling Order"). The First Amended Scheduling Order required Alber to file his opening brief by **October 4, 2006**.

3. Although Alber's opening brief was due on October 4, 2006, Alber failed to file his opening brief and failed to move for an extension of time until prompted to do so twelve (12) days after the filing deadline by the request of certain of the

---

[1]    Additional appellees not party to this Motion are: the United States Trustee; and the Post-Effective Date Committee of EBC I, Inc., f/k/a eToys, Inc. (collectively with the Appellee Movants, the "Appellees").

Appellees for a status conference with this Court.  Pursuant to that certain Request of Appellee/Cross-Appellant Morris, Nichols, Arsht & Tunnell LLP for (I) Status Conference to Address Consequences of Robert K. Alber's Failure to Timely file Opening Appeal Brief and (II) Stay of Deadlines for Appellees to File their Briefs, dated October 9, 2006 [App. Docket Item 29] (the "MNAT Motion")[2] appellee Morris Nichols sought a stay of the briefing schedule fixed by the First Amended Scheduling Order and certain related relief as a result of Alber's failure to timely file his opening brief.

   4. On October 16, 2006, twelve days after his opening brief was due, Alber filed a response to the MNAT Motion and a request for enlargement of time to file his opening brief [App. Docket Item 35] (the "Extension Request").

   5. On October 16, 2006, the Court convened a telephonic status conference among Alber and the Appellees.  Considering the Extension Request, the Court stated as follows:

> THE COURT:  Yes, I'm not faulting your ability to put together a position at all, Mr. Alber.  On the contrary, Mr. Alber, I wonder why you couldn't put together a brief in support of your appeal when you put together a very fine document in articulating your position for an extension clearly.  So it's not the ability you have, it's the failure to exercise your ability in this instance to produce an opening brief that has me asking these questions.
>
> Well, here is what we're going to do.  I'm going to give you your 30 days Mr. Alber.  I'll give you 30 days to come up with this opening brief, okay?  Is that what I understood you to be asking for?
>
> MR. ALBER:  That would probably be fine, Your Honor.  Yes.

---

[2] Appellees TB&F and Gold each joined in the MNAT Motion [App. Docket Items 30 & 31].

THE COURT: Okay. If I understand you right, I'll give you that. Now, if you can't do it within the 30 days because you fee like you are still mentally and emotionally at sea, then I will entertain a motion. You go ahead and tell me, file a document which you have to serve on everybody . . . .

    . . . .

THE COURT: . . . . You need to send me a letter if you feel like you can't meet that 30-day deadline that we're giving you, and then you would need to also – well, in effect, you would, not a letter, send me a motion for further extension of time. And you would need to, of course, append your further documentation from your medical provider. And what I will do at that point is I will entertain a motion from any of the defendants under Rule 35(a) of the Federal Rules of Criminal [sic] Procedure which provides that if a party's mental or physical condition is at issue and good cause is shown for requiring an independent examination, and in this instance I would certainly consider it good cause shown, to keep putting off briefing on appeal, we'll go ahead and require you to submit to an independent examination by a psychiatrist or a duly certified psychologist that all the parities can agree on and you will bear at least half the cost of that, maybe all the cost of that, depending on how it comes out and we'll see whether, from an independent practitioner, mental health practitioner's perspective you are genuinely unable to proceed. Because I don't want to deprive you of your opportunity to make your case but I also don't want to make people whose rights are at stake here on the defendants' side wait indefinitely on the basis of subjective complaints which are supported by no more than the very sketchy statement, indeed question posed by your nurse practitioner. Do you understand what I'm saying?

MR. ALBER: Yes, I do, your Honor. . . .

    . . . .

THE COURT: So what I'm telling you is that's not much but it's enough to get you 30 days. And if you still can't do it in that time frame, then we're going to get you to a doctor that isn't your doctor, it's some independent party with credentials associated with mental health evaluation and we'll see how you are.

Transcript of D. Del. 10/16/06 Hearing, at 9-13, attached as Exhibit A hereto.

6.      Following the status conference on October 23, 2006, the Court entered the Second Amended Consolidated Scheduling Order [App. Docket Item 39] (the "Second Amended Scheduling Order").    The Second Amended Scheduling Order required Alber to file and serve his opening brief by **November 15, 2006**.

7.      Once again, and notwithstanding his representations and the explicit direction of this Court, Alber ignored the November 15, 2006 deadline to file his opening brief or to move for a further extension of time.

8.      On November 17, 2006, the Appellee Movants filed their Motion to Dismiss.  Alber never responded to the Motion to Dismiss.

9.      On January 4, 2007, Magistrate Thynge gave Alber a third chance to file his opening brief by entering the Order Setting Deadline for Appellant to File Opening Brief [App. Docket Item 44] (the "Deadline Order"), pursuant to which Alber's opening brief filing deadline was extended to **January 18, 2007**.  Again, Alber missed the deadline.

10.      It was not until January 22, 2007 that only certain of the Appellees received a copy of a document titled "Brief of Plaintiff Appellant-Cross Appellee," which purports to be Alber's opening appeal brief (the "Alber Brief").  The Alber Brief was not filed until January 23, 2007 [App. Docket Item 45].

11.      The form of the Alber Brief fails to comply with Rule 8010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and D. Del. LR 7.1.3.  At 70 pages, the Alber Brief greatly exceeds the page limit for briefing permitted by

Bankruptcy Rule 8010(c) and D. Del. LR 7.1.3.(a)(4). The Alber Brief does not contain appropriate cites to the record.

12.     The Deadline Order did not contain deadlines to govern the serving and filing of the Appellees' and Cross-Appellant's briefs in connection with these Appeals.

13.     On January 23, 2007, counsel for Gold wrote to the Court asking that the Court rule on the pending Motion to Dismiss, or in the alternative, convene a status conference or teleconference to set deadlines for the remaining appeal briefs (the "Status Conference Letter"). A copy of the Status Conference Letter (without exhibits) is attached hereto as Exhibit B and incorporated by reference herein. To date the Court has not responded to the Status Conference Letter.

14.     Accordingly, on January 31, 2007, counsel for Gold sent an electronic mail to Alber requesting that Alber confirm his understanding that there are no current deadlines for the Appellees to file their appeal briefs, or if Mr. Alber believed otherwise, that he agree to extend any deadlines until the Court responded to the Status Conference Letter. Alber responded by electronic mail on February 1, 2007, insisting that the Appellees file their briefs on or before February 6, 2007. A copy of the electronic mail exchange between the parties is attached hereto as Exhibit C and incorporated by reference herein.

**REQUEST FOR RELIEF**

15.     By this Motion, the Appellee Movants respectfully request that the Court enter an order clarifying that there are no current deadlines governing the Appellees briefs in the Appeals. If necessary, the Appellee Movants would request that the Court enter an order deferring further briefing on these Appeals until after the Court has an opportunity to consider and decide the Motion to Dismiss. In the alternative, the Appellee Movants would request that the Court set an appropriate briefing schedule to govern these Appeals.[3]

16.     Bankruptcy Rule 8010(a), provides as follows:

(insert)

17.     Here, three separate orders were entered which altered the automatic briefing deadlines contained in Bankruptcy Rule 8010(a). Alber failed to comply with each of the orders. Each time that Alber failed to timely file his brief, the operative deadlines for the Appellees to file their briefs contained in the First Amended Scheduling Order and the Second Amended Scheduling Order became obsolete. The Deadline Order did not set deadlines for the Appellees' briefs, and accordingly, there is no current briefing schedule in place. Alber disagrees. For this reason, we would respectfully ask that the Court enter an order making clear that there are no current deadlines for the Appellees to file their briefs.

18.     To the extent necessary, the Appellee Movants also request that the Court enter an order deferring further briefing on the merits of these Appeals until the

---

[3]     Counsel for the Appellee Movants understand that the Office of the United States Trustee (the "UST") supports the relief requested in this Motion and that the UST has requested that any relief granted in favor of the Appellee Movants also apply to the UST.

Court has an opportunity to review and rule upon the Motion to Dismiss. The Motion to Dismiss is principally based upon Alber's failure to timely file his opening brief and secondarily on his established pattern of dilatory and bad faith conduct, including his failure to properly make designations of the record and issues for appeal and his refusal to abide by this Court's procedures. The Court can quickly analyze and rule upon the Motion to Dismiss. Given the dispositive nature of the Motion to Dismiss, judicial economy favors having the Court rule on the Motion to Dismiss before having to consider the merits of these Appeals. Deferring further briefing on these Appeals until after the Court considers and rules upon the Motion to Dismiss will also save all parties, including Alber, the time and expense of further briefing that may be unnecessary.

19.    Deferring further briefing on these Appeals until the Court can consider and rule on the Motion to Dismiss will not prejudice Alber. First, and as set forth above, the issues raised by the Motion to Dismiss are not complex and the time necessary for the Court to consider and rule on the motion should be short. Second, and as shown by the record of Alber's failure to prosecute his Appeal, Alber himself appears to be in no hurry to move his Appeal.

20.    In the alternative, and assuming the Court would prefer that briefing on the merits of these Appeals proceed while the Court is considering the Motion to Dismiss, the Appellee Movants would request that the Court enter a scheduling order that provides for the remaining briefs be filed and served as follows:

Appellees' Answering Briefs /
Cross-Appeal Opening Brief                    March 5, 2007

Alber Reply Brief /
Cross-Appeal Answering Brief
Morris Nichols Cross-Appeal

Seven (7) days after
service of Answering
Briefs / Cross-Appeal
Opening Brief

Cross-Appeal Reply Brief

Seven (7) days after
service of Cross-
Appeal Answering
Brief

21.    Although Appellee Movants do not believe the issues raised in these Appeals are complex, the 70 page Alber Brief[4] raises a number of issues and alleged facts, many of which were not raised before the Bankruptcy Court, and each of which must be addressed. Appellee Movants need additional time to review the Alber Brief and the record below, so that they can cogently respond to Alber's arguments. Alber took more than three months to file the Alber Brief. Appellees need a fraction of this time to respond.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Appellee Movants respectfully request that this Court enter an order in substantially the form attached hereto clarifying that there are no current deadlines for Appellees to file and serve their briefs. To the extent necessary, the Appellee Movants also request that the Court enter an order deferring the briefing on these Appeals until after the Court rules on the Motion to Dismiss. In the alternative, the Appellee Movants request that the Court enter an order

---

[4]    As noted above, the Alber Brief exceeds the page limits permitted by Bankruptcy Rule 8010(c) and D. Del. LR 7.1.3.(a)(4). Although Appellees reserve the right to move to strike the Alber Brief, the Appellees currently intend to simply respond to the Alber Brief, if necessary. The Appellee Movants do intend to move to strike Alber's improper designation of the record and issues for these Appeals.

adopting the briefing schedule proposed in paragraph 20 above.  Finally, the Appellee

Movants would request that the Court grant the Appellee Movants such further relief as is

just and proper.


Dated: February 5, 2007


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
*Pro Se*

By: _____ / _____

Derek C. Abbott (No. 3376)
Gregory W. Werkheiser (No. 3553)
1201 N. Market St., 18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Tel:      (302) 658-9200
Fax:     (302) 658-3989


DUANE MORRIS LLP
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By: _____ / _____

Frederick B. Rosner (No. 3995)
1100 North Market Street, Suite 1200
Wilmington, DE 19801
Tel:      (302) 657-4900
Fax:     (302) 657-4901


-and-


Ronald R. Sussman (RS-0641)
COOLEY GODWARD KRONISH LLP
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY  10036-7798
Tel:     (212) 479-6000
Fax:     (212) 479-6275

SAUL EWING LLP
*Counsel to Barry Gold*

By: _____
    Mark Minuti (No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
Ph:    (302) 421-6800
Fax:   (302) 421-5873

-and-

G. David Dean
**SAUL EWING LLP**
100 South Charles Street
Baltimore, MD  21201
Ph:    (410) 332-8600
Fax:   (410) 332-8862