# EXHIBIT B



# SAUL EWING
Attorneys at Law
A Delaware LLP

*Celebrating 85 years of service.*

Mark Minuti
Phone: (302) 421-6840
Fax: (302) 421-5873
mminuti@saul.com
www.saul.com

January 23, 2007

**Via Hand Delivery**

Honorable U.S. Magistrate Judge Mary Pat Thynge
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    **Robert K. Alber v. Traub, Bonacquist & Fox LLP,** *et al.*
            **(District Court Civil Action No. 05- 0830, procedurally**
            **consolidated with Civil Action No. 05-831)**

Dear Magistrate Judge Thynge:

       This firm is counsel to Mr. Barry Gold, one of the appellants in the above-captioned procedurally consolidated bankruptcy appeals (the "Appeals"). I am writing on behalf of Mr. Gold and with the consent of appellees Traub, Bonacquist & Fox, LLP and Morris Nichols Arsht & Tunnell, LLP, to request that the Court rule on the Appellees' Motion to Dismiss for Failure to Prosecute (Doc. No. 42).

       These bankruptcy Appeals were originally presided over by The Honorable Kent A. Jordan. On September 22, 2006, the Court entered the Amended Consolidated Scheduling Order [Docket No. 28], pursuant to which, appellant Robert K. Alber was required to file and serve his opening appeal brief on or before October 4, 2006. Mr. Alber failed to serve and file his brief by this deadline, but Mr. Alber was given a second chance. On October 23, 2006, the Court entered the Second Amended Consolidated Scheduling Order [Docket No. 39] (the "Second Amended Order"). Pursuant to the Second Amended Order, the deadline for Mr. Alber to serve and file his opening appeal brief was extended through and including November 15, 2006. Mr. Alber also failed to serve and file his brief by the amended deadline.

       On November 17, 2006, the Appellees filed their Motion to Dismiss and a memorandum of law in support of the Motion to Dismiss [Docket No. 41]. Mr. Alber failed to respond to the Motion to Dismiss.

       On December 15, 2006, and in light of Judge Jordan's elevation to the Third Circuit, Chief Judge Robinson entered the Standing Order [Docket No. 43], reassigning the civil cases previously assigned to Judge Jordan to "the vacant judicial position." The Standing Order

P.O. Box 1266 • Wilmington, DE 19899-1266 • Phone: (302) 421-6800 • Fax. (302) 421-6813
Courier Address: 222 Delaware Avenue, Suite 1200 • Wilmington, DE 19801-1611

BALTIMORE   CHESTERBROOK   HARRISBURG   NEWARK   PHILADELPHIA   PRINCETON   WASHINGTON   WILMINGTON

544485.2 1/23/07    A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable U.S. Magistrate Judge Mary Pat Thynge
January 23, 2007
Page 2

further provided that "But for cases filed under 28 U.S.C. §§ 158, 1334, 2254, and 2255, all such civil cases, and all such cases henceforth assigned to the vacant judicial position, shall be referred to Magistrate Judge Mary Pat Thynge for all pretrial proceedings, pursuant to 28 U.S.C. § 636(b)." Accordingly, and pursuant to the express provisions of the Standing Order, these bankruptcy Appeals do not appear to be the type of case referred to Your Honor for pretrial proceedings.

On January 4, 2007, Your Honor gave Mr. Alber a third chance to file his brief by entering the Order Setting Deadline for Appellant to File Opening Brief [Docket No. 44], pursuant to which Mr. Alber's opening brief filing deadline was extended to January 18, 2007. Again, Mr. Alber missed the deadline. Yesterday, certain of the Appellees received what purports to be Mr. Alber's opening brief by mail. Although Mr. Alber's opening brief is dated January 18, 2007, it was post-marked "January 19, 2007", one day after the third deadline. A copy of Mr. Alber's brief and the envelope by which it was served on me is attached hereto as Exhibit "A" and "B" respectively. Mr. Alber's opening brief does not appear on the Court's docket. Late yesterday, Mr. Alber did provide copies of his opening brief to the Appellees by electronic mail.

For the reasons stated herein and in the Motion to Dismiss, Appellants would respectfully request that the Court act on the Motion to Dismiss (to which Mr. Alber still has not yet responded to explain his tardiness) and dismiss these Appeals for Mr. Alber's failure to prosecute. We seek guidance from Your Honor as to whether these appeals should be referred to a sitting District Court Judge for disposition of the Motion to Dismiss, or whether it is appropriate for Your Honor to enter an order recommending dismissal pursuant to Fed. R. Civ. P. 72(b). In the event that the Court is inclined to deny the Motion to Dismiss, the Appellants respectfully request a teleconference to discuss an appropriate deadline for establishing the remaining briefing deadlines to govern these Appeals. In addition, in light of Mr. Alber's failure to prosecute his appeal, the Appellees have deferred filing a motion to strike Mr. Alber's improper amended designation of the appellate record. In the event that these Appeals will be permitted to continue, the Appellees will file such a motion.

544485.2 1/23/07

Honorable U.S. Magistrate Judge Mary Pat Thynge
January 23, 2007
Page 3

Of course, we are available at the Court's convenience to discuss this matter.

Respectfully submitted,

*[signature]*

Mark Minuti

MM/rew
Enclosures
cc:  Frederick B. Rosner, Esq.
    Ronald R. Sussman, Esq.
    Gregory W. Werkheiser, Esq.
    Mark S. Kenney, Esq.
    Steven E. Fox, Esq.
    Mr. Robert Alber
    Clerk, United States District Court