Exhibit A

Judge Robinson's Memorandum Order
February 27th, 2007

CM/ECF LIVE - U.S. District Court:ded

## Other Orders/Judgments

1:05-cv-00830-SLR In re: eToys, Inc., et al.
BKMEDIATION, LEAD, PaperDocuments

### U.S. District Court

### District of Delaware

### Notice of Electronic Filing

The following transaction was entered on 2/27/2007 at 10:08 AM EST and filed on 2/27/2007
**Case Name:**     In re: eToys, Inc., et al.
**Case Number:**     1:05-cv-830
**Filer:**
**WARNING: CASE CLOSED on 02/27/2007**
**Document Number:** 55

**Docket Text:**
MEMORANDUM AND ORDER: Motions terminated: denied as moot [51] Emergency MOTION
Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal
Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish
Briefing Schedule To Govern These Procedurally filed by Barry Gold, Traub Bonacquist & Fox LLP,
Morris Nichols Arsht & Tunnell; GRANTING [42] MOTION to Dismiss Based upon Dismiss Appeal
for Failure to Prosecute filed by Barry Gold, Traub Bonacquist & Fox LLP, Morris Nichols Arsht &
Tunnell; MOOT [29] MOTION Request For (I) Status Conference To Address Consequences Of Robert
K. Alber's Failure To Timely File Opening Appeal Brief And (II) Stay Of Deadlines For Appellees To
File Their Briefs filed by Morris Nichols Arsht & Tunnell. APPEAL IS DISMISSED WITH
PREJUDICE. ***Civil Case Terminated. Signed by Judge Sue L. Robinson on 2/26/07. (rld)

**1:05-cv-830 Notice has been electronically mailed to:**
Mark Minuti mminuti@saul.com, rwarren@saul.com, saulbankruptcy@saul.com
Derek C. Abbott dabbott@mnat.com
Frederick Brian Rosner fbrosner@duanemorris.com
Mark S. Kenney mark.kenney@USDOJ.gov

**1:05-cv-830 Notice has been delivered by other means to:**

Robert K. Alber
17685 DeWutt Ave.
Morgan Hill, CA 95037

Steven Haas
Steven Haas, Pro se
108 Jewel Street
c/o Calloway
Delmar, DE 19940

CM/ECF LIVE - U.S. District Court:ded                                    Page 2 of 2

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/27/2007] [FileNumber=348998-0]
[8a07ed1842a39239b5bad5b3af7a2b87253a0464e1c0c7702b0ef08a0092bc473cdd
5acbc370f087d6334815bfcfa132ee2c77db3ce0b7b367a749f1bd5f8960]]

Exhibit B


Minuti Letter to Alber
January 31st, 2007

# 2007-01-31 email from Minuti to Alber

-----Original Message-----
**From:** Minuti, Mark [mailto:MMinuti@saul.com]
**Sent:** Wednesday, January 31, 2007 3:25 PM
**To:** Robert K Alber
**Cc:** Sussman, Ronald R.; Werkheiser, Gregory; Abbott, Derek; Steven E. Fox; Kenney, Mark; Rosner, Frederick B.
**Subject:**

Mr. Alber:

As you know, our firm represents Mr. Barry Gold in connection with the above referenced Appeals. On January 23, 2007, I wrote to the Court to request that the Court rule on the Appellees' pending motion to dismiss or hold a status conference to establish the remaining briefing deadlines to govern the Appeals.  The Court has not responded to my letter.

We do not believe that there is a current deadline set for the Appellees to file their appeal briefs or a deadline for you to file any reply brief.  Please confirm for me by return email if you agree that there are no current deadlines for filing the remaining briefs in the Appeals.  If you disagree, I would ask as a matter of professional courtesy, that you agree to extend any briefing deadlines that you believe are applicable to all parties until the Court responds to my letter and an appropriate briefing schedule can be put in place.

I look forward to your reply.

****************************
Mark Minuti
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899
(302) 421-6840
(302) 421-5873 (fax)
mminuti@saul.com

Exhibit C

Alber Response to Minuti Letter
February 1st, 2007

# Alber Response to Minuti Letter

-----Original Message-----
**From:** Robert K Alber [mailto:condo28@mail.com]
**Sent:** Thursday, February 01, 2007 9:58 AM
**To:** 'Minuti, Mark'
**Cc:** 'Sussman, Ronald R.'; 'Werkheiser, Gregory'; 'Abbott, Derek'; 'Steven E. Fox'; 'Kenney, Mark';
'Rosner, Frederick B.'; Laser at Yahoo; eToys Shareholders Group - Scott Pletch; Christopher
Beard (Business Fax); SEC - Susan Sherrili-Beard; SEC - Gordon Robinson; TB&F - James Garrity,
ESQ; TB&F - Michael S Fox, ESQ; TB&F - Paul Traub, ESQ; TB&F - Susan Balaschak - aol; TB&F -
Suzanne - Kronish Lieb; U.S. Trustee - Kelly B Stapleton; Robert K Alber
**Subject:** Alber Response to Minuti Letter of 2007-01-31

2/1/2007 6:26 AM

Dear Mr. Minuti,

Yes, I'm well aware that you represent Barry Gold. In fact I still remember the
first time we met in person; in front of the speaker's podium in Federal Court on
February 1st, 2005, just prior to a Bankruptcy Hearing in front of the Honorable
Chief Federal Judge Mary F. Walrath. My admiration of your abilities as an
Attorney have never lessened despite all that has occurred since.

To address your letter. No, I am not amenable to waiting for the Court to respond
to your letter, or the Motion it references, for reasons described here, in this letter,
and other reasons more appropriately addressed in the proper venue.

The Law provides for Barry Gold and the other Defendants (TB&F and MNAT) to
have two (2) weeks to file your Reply Brief after I file my Opening Appellate
Brief. After reception of your Reply Brief, I, Plaintiff, then have one (1) week to
file my response.

But I am agreeable to the clock starting on your two (2) weeks to file your Reply Brief from the date the Court entered my Appellate Brief into the Court Record; which I believe was January 23rd, 2007 (although the Court was served by hand on January 19th, 2007, and my Brief was mailed to all of you the same day). These extra few days is all the professional courtesy I can bring myself to afford you, your client, and the other Defendants, seeing as how you, your client, and the other Defendants afforded me zero professional courtesy when I emailed all of you my letter dated November 16th, 2006. Of note: my previous letter extended professional courtesy to all of you, but was met with silence, followed only by Defendant's Motion to Dismiss my Appeal. As you know, during the October 16th, 2006, teleconference, which you, I, and several other Defendants' Counsels attended, when my Motion for an Extension of Time was addressed before the Honorable Federal Judge Kent A. Jordan, Judge Jordan clearly stated that if I needed more time it would be allowed, but that your client and the other Defendants would be given an opportunity to have me examined by a medical professional should you choose to do so. Well, you never chose to do so. And the recent Court Orders, along with other issues, render your Motion moot.

Another issue I will briefly address here, which was not mentioned in your letter but I wish to address anyway, is the current state of my health and the bearing it will have on my ability to respond in the foreseeable future (God willing): My health is still an issue; being under a Doctor's care until March 1st, 2007, and possibly longer should any complications arise from my emergency, not elective, surgery of December 1st, 2006. Said surgery was invasive, going into my cranial cavity (i.e. next to my brain). But in spite of my Doctor's wishes that I take more time off, I constructed, and then filed, my Appellate Brief in a very timely manner. This despite only having seven (7) days to respond since I didn't receive the Order from the Court until January 11th, 2007. {A preliminary diagnosis of my severe health condition is due to stress, overwork, and, of course, recovery from

the surgery performed in my head on December 1st, 2006.  At this time I would respectfully request that you reference my Motion requesting an Extension of Time  which I filed on October 16th, 2007 (D.I. 35).}

That said, I will join with a Scheduling Order which will allow you and the other Defendants five (5) extra days to file your Reply Brief (for the reasons stated). But as things stand now, you only have until tomorrow (to file your Reply Brief).

Regards,

Robert K. Alber
Pro Se
eToys Shareholder of Record

TEL/FAX:     408-778-5241
email:          condo28@mail.com

-----Original Message-----
**From:** Minuti, Mark [mailto:MMinuti@saul.com]
**Sent:** Wednesday, January 31, 2007 3:25 PM
**To:** Robert K Alber
**Cc:** Sussman, Ronald R.; Werkheiser, Gregory; Abbott, Derek; Steven E. Fox; Kenney, Mark; Rosner, Frederick B.
**Subject:**

Mr. Alber:

As you know, our firm represents Mr. Barry Gold in connection with the above referenced Appeals. On January 23, 2007, I wrote to the Court to request that the Court rule on the Appellees' pending motion to dismiss or hold a status conference to establish the remaining briefing deadlines to govern the Appeals.  The Court has not responded to my letter.

We do not believe that there is a current deadline set for the Appellees to file their appeal briefs or a deadline for you to file any reply brief.  Please confirm for me by return email if you agree that there are no current deadlines for filing the remaining briefs in the Appeals.  If you disagree, I would ask as a matter of professional courtesy, that you agree to extend any briefing deadlines that you believe are applicable to all parties until the Court responds to my letter and an appropriate briefing schedule can be put in place.

I look forward to your reply.

****************************
Mark Minuti
SAUL EWING LLP
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899
(302) 421-6840
(302) 421-5873 (fax)
mminuti@saul.com

Exhibit D

Alber Letter to Appellees
November 16th, 2006

-----Original Message-----
From: Robert K Alber [mailto:condo28@mail.com]
Sent: Thursday, November 16, 2006 11:33 AM
To: 'Werkheiser, Gregory'; 'mminuti@saul.com'; 'rsussman@cooley.com'; 'Steven E. Fox'; 'Kenney, Mark'; 'Rosner, Frederick B.'; TB&F - James Garrity, ESQ; MNA&T - Derek Abbott, ESQ; eToys Shareholders Group - Scott Pletch; Laser at Yahoo
Cc: Robert K Alber
Subject: RE: Alber v. Traub, Bonacquist & Fox LLP, et al., Civil Action Nos. 05-830(KAJ) and 05-831(KAJ)

Dear All,

I'm going to be filing a motion for an extension, as Judge Jordan allowed, till November 27th. That's all the time I'll be asking for barring some extreme calamity. I was thinking of only 7 days, but notice that 7 days after the 15th is November 22nd; the day before Thanksgiving. As your reply would be due 14 days later, of which 4 days would be 'long weekend' days, I hardly think this would be fair to any of you, and for another reason which will be explained below. So how would a deadline of November 27th be? That's a Monday and will give you your entire 14 days with which to respond.

If my reasoning is objectionable to any of you, please let me know. I'm amenable to working this out in whatever way necessary so that everyone is afforded an equal opportunity as this is a serious situation for yourselves and/or your clients depending on the ultimate success of my Appeal.

For what it's worth: My health is greatly improved after the time off, and I'm now in a mental state able to continue without break for the foreseeable future. But it's been a struggle since I've been served with 24 documents from the previously named 'associates' of some of you in the Arizona case, and, coincidentally, just a few days prior to my November 15th deadline they took steps to have me arrested. Those actions culminated with the local police visiting me, and my having to defend myself from yet more perjurious allegations, which necessitates my drafting a filing (albeit a

short filing which will only take me a day or two at most) to deal with these new
criminal allegations against me.

If everyone would please respond at your earliest convenience I would appreciate it.

Regards,

Robert K. Alber
Pro Se
eToys Shareholder

condo28@mail.com
FAX: 408-778-5241

---

```
-----Original Message-----
From: Werkheiser, Gregory [mailto:GWerkheiser@MNAT.com]
Sent: Friday, October 20, 2006 1:55 PM
To: Robert K Alber; mminuti@saul.com; rsussman@cooley.com; Steven E. Fox;
Kenney, Mark; Rosner, Frederick B.
Cc: Abbott, Derek
Subject: Alber v. Traub, Bonacquist & Fox LLP, et al., Civil Action Nos. 05-
830(KAJ) and 05-831(KAJ)
Importance: High

Please see the attached letter and proposed order, which were filed and
transmitted to the Court earlier today.  Thank you.

Gregory W. Werkheiser
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Main: 302.658.9200
Direct Dial: 302.351.9229
Fax: 302.425.4663

Please note that effective as of January 1, 2006, my direct dial
telephone number changed from 302.575.7229 to 302.351.9229.  Our main
telephone number and my fax number have not changed.  Thank you.

M | N | A | T |


This message, including any accompanying documents or attachments, may
contain information that is confidential or that is privileged. If you are
not the intended recipient of this message, please note that the
```

dissemination, distribution, use or copying of this message or any of the
accompanying documents or attachments is strictly prohibited. If you believe
that you may have received this message in error, please contact me at (302)
658-9200 or by return e-mail.

# Exhibit E

## ETYS -  D.I. 2195

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| ETOYS, INC., *et al.* | : | Case Number 01-706 (MFW) |
| | : | |
| | : | Jointly Administered |
| Debtors | : | |
| | : | **Hearing Date: 3/8/2005 at 3:00 p.m.** |
| | : | **Objection Deadline: 2/28/2005 at 4:00 p.m.** |

UNITED STATES TRUSTEE'S MOTION FOR ENTRY OF ORDER DIRECTING
DISGORGEMENT OF FEES PAID TO TRAUB BONACQUIST & FOX LLP FOR SERVICES
RENDERED AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

In support of her Motion for the Entry of an Order Directing the Disgorgement of Fees

Paid to Traub Bonacquist & Fox LLP for Services Rendered as Counsel to the Official

Committee of Unsecured Creditors (the "Motion"), Kelly Beaudin Stapleton, the United States

Trustee ("UST"), by undersigned counsel, avers:

**Introduction**

1.    This Court has jurisdiction to hear this Motion.

2.    Pursuant to 28 U.S.C. § 586, the UST is charged with overseeing the

administration of Chapter 11 cases filed in this judicial district, including monitoring the

employment and compensation of professionals and objecting thereto when the UST considers it

appropriate. This duty is part of the UST's overarching responsibility to enforce the bankruptcy

laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia

Gas Sys., Inc. (In re Columbia Gas Sys. Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that

UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary

interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3.    Pursuant to 11 U.S.C. § 307, the UST has standing to be heard on this Motion.

4.    eToys, Inc. and three of its affiliates (collectively, the "debtors" or "eToys") filed Chapter 11 petitions on March 7, 2001. Upon filing the petitions, eToys announced that it proposed a two-phase liquidation to be conducted on an accelerated basis.

5.    Pre-petition, the law firm of Traub, Bonacquist & Fox ("TBF") had served as counsel for an informal committee of unsecured creditors. Upon formation of the official committee of unsecured creditors ("Committee") on March 16, 2001, TBF was selected as Committee counsel. In connection with the Committee's application to employ TBF (D.I. 89), TBF partner Michael Fox submitted an affidavit pursuant to FED.R.BANKR.P. 2014 representing that:

(a)    Neither TBF nor any partners or associates thereof held any interest adverse to the estate;

(b)    Neither he nor TBF represented or held any interest adverse to the Committee or the debtors or their officers, directors, or attorneys or any individual creditors of the debtors' estates;

(c)    Neither he, nor TBF nor any partner or associate thereof had any connection with the debtors, their creditors, the UST or any other parties in interest except as disclosed in the affidavit; and

2