# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                                 :
                                                       :   Chapter 11
                                                       :
ETOYS, INC., et al.,                                   :   Case Nos. 01-0706 (MFW)
                                                       :   Through 01-0709 (MFW)
                Debtors.                               :
                                                       :
-------------------------------------------------------x
                                                       :
ROBERT K. ALBER, Pro Se,                               :
                                                       :
                Appellant,                             :
                                                       :
         v.                                            :   Civil Action No. 05-830 (SLR),
                                                       :   procedurally consolidated with
TRAUB, BONACQUIST & FOX LLP,                           :   Civil Action No. 05-0831 (SLR)
BARRY GOLD, MORRIS NICHOLS                             :
ARSHT & TUNNELL LLP, and POST-                         :
EFFECTIVE DATE COMMITTEE OF                            :
EBC I, INC.,                                           :   Re: App. Docket Items 56 & 57
                                                       :
                Appellees.                             :
-------------------------------------------------------x
```

### APPELLEES' PRELIMINARY OBJECTIONS TO POST-DISMISSAL MOTIONS FILED BY NON-PARTY STEVEN (A/K/A LASER) HAAS AND BY APPELLANT ROBERT K. ALBER

Appellees Traub, Bonacquist & Fox LLP ("TB&F") and Barry Gold ("Gold"), and Appellee/Cross-Appellant Morris, Nichols, Arsht & Tunnell LLP (collectively with TB&F and Gold, the "Appellees"),[1] by and through their respective undersigned counsel, hereby object to: (a) the post-dismissal motion [App. Docket Item 56] (the "Haas Post-Dismissal Motion"), filed by non-party Steven (a/k/a Laser) Haas ("Haas"); and (b) the post-dismissal motion [App. Docket Item 57] (the "Alber Post-

---

[1]   Additional appellees are: the United States Trustee; and the Post-Effective Date Committee of EBC I, Inc., f/k/a eToys, Inc.

Dismissal Motion," and together with the Haas Post-Dismissal Motion, the "Post-Dismissal Motions"), filed by appellant Robert K Alber ("Alber"). In opposition to the Post-Dismissal Motions, Appellees respectfully state as follows:

1. By the Post-Dismissal Motions, Haas and Alber appear to seek a rehearing concerning this Court's Memorandum Order, entered February 27, 2007 [App. Docket Item 56] (the "Dismissal Order"), which dismissed the above-captioned appeal filed by Alber (the "Appeal") as a result of Alber's failure to follow the Court's procedures and directives, and otherwise prosecute this Appeal diligently. Both Post-Dismissal Motions are untimely and deeply flawed on the merits. The Haas Post-Dismissal Motion is a nullity for the additional reason that Haas is a stranger to this Appeal and has no standing to challenge its dismissal. Accordingly, the Appellees respectfully submit that the Post-Dismissal Motions should be denied.

    A.    Both Post-Dismissal Motions Should Be Summarily Denied As Untimely

2. Rule 8015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides the exclusive means by which a litigant may seek review in the district court of an order of the district court sitting as an appellate court in bankruptcy proceedings. See, e.g., In re Bli Farms, 465 F.3d 654, 657 (6th Cir. 2006); English-Speaking Union v. Johnson, 353 F.3d 1013, 1019 (D.C. Cir. 2004); Butler v. Merchs. Bank & Trust Co. (In re Butler), 2 F.3d 154, 155 (5th Cir. 1993). Bankruptcy Rule 8015, in relevant part, states:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within **10 days** after entry of the judgment of the district court or the bankruptcy appellate panel.

Fed. R. Bankr. P. 8015 (emphasis added).

3. Bankruptcy Rule 9006(a) governs the computation of periods of time allowed by the Bankruptcy Rules and provides that when the period of allowed is less than eight days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation. See, e.g., Aycock v. Eaton, 943 F.2d 536, 538 (5th Cir. 1991); In re Ben-Baruch, Nos. 05-CV-5684 (SJF), 06-CV-1183 (SJF), 2007 WL 530031 at *2 (E.D.N.Y. Feb. 1, 2007). Accordingly, any request for rehearing filed more than ten calendar days after the district court's entry of judgment is untimely. See, e.g., Aycock, 943 F.2d at 538; Ben-Baruch, at *2.

4. The Dismissal Order was entered on February 27, 2007. Any petition for rehearing or request for similar relief therefore was required to be filed no later than March 9, 2007, in order to be timely. The Haas Post-Dismissal Motion, however, was not filed until March 12, 2007 – three days after the deadline. The Alber Post-Dismissal Motion, in turn, was not filed until March 15, 2007 – six days after the deadline. As both Post-Dismissal Motions are untimely, the Post-Dismissal Motions should be denied outright.

    B.    The Haas Post-Dismissal Motion Should Be Denied Because Haas Lacks Standing To Participate In This Appeal

5. Haas is without standing to participate in this appeal. Indeed, this very issue has been previously adjudicated against Haas, resulting in the dismissal of his related appeal in this Court, Civil Action No. 05-0829 (KAJ) (the "Haas Appeal"). There Judge Jordan ruled as follows:

> [A]s to standing, the United States Court of Appeals for the Third Circuit "has emphasized that appellate standing in

3

>   bankruptcy cases is limited to 'person[s] aggrieved.'"
>   <u>Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien
>   Envtl. Energy, Inc.)</u>, 181 F.3d 527, 530 (3d Cir. 1999)
>   ((citing <u>Travelers Ins. Co. v. H.K. Porter Co.</u>, 45 F.3d 737,
>   741 (3d Cir. 1995)). That standard "is more stringent than
>   the constitutional test for standing [and] serves the acute
>   need to limit collateral appeals in the bankruptcy context."
>   <u>Id.</u> "[O]nly those whose rights or interests are directly and
>   adversely affected pecuniarily by an order of the
>   bankruptcy court may bring an appeal." <u>Id.</u> (internal
>   quotation marks omitted). "[W]hether a party has standing
>   to appeal in a bankruptcy case is generally an issue of fact
>   for the district court." <u>Id.</u> at 531.

<u>In re eToys, Inc.</u>, Civ. Action. No. 05-829 (KAJ), Mem. Order at 2-3 (D. Del. Aug. 30, 2006) (hereinafter, the "Aug. 30, 2006 Mem. Order"), attached as **Exhibit A** hereto.[2] The considerations that precipitated the dismissal of the Haas Appeal apply with equal, if not greater force, to Haas' attempt in defiance of Judge Jordan's ruling to insert himself in this Appeal.[3]

---

[2] As this Court held previously, whether Haas is acting individual or as an officer, director or representative of Collateral Logistics, Inc. ("CLI") is irrelevant:

>   While Mr. Haas contends that he is a "person aggrieved"
>   (D.I. 31 at ¶¶ 35-36) and the "President/CEO and sole
>   shareholder of CLI (D.I. 1), his interests have not been
>   directly affected by the bankruptcy court's order. It was
>   CLI's motion that was denied by that order, [<u>In re eToys,
>   Inc.</u>, 331 B.R. 176, 204 (Bankr. D. Del. 2005)], and Mr.
>   Haas's position as director, officer, or shareholder of that
>   corporation does not make his interest equivalent to those
>   of the corporation. As I stated in another appeal brought by
>   Mr. Haas, the corporate entity is a separate juridical person.
>   (D.I. 7, Ex. C, Nov. 14, 2005 Teleconference Transcript at
>   24.) Therefore, Mr. Haas lacks standing to appeal the order
>   on his own behalf.

Aug. 30, 2006 Mem. Order at 2-3.

[3] Assuming under some unarticulated theory that the entity CLI had standing to be heard in this Appeal, it could not be represented by Haas. This too was addressed by Judge Jordan in the Aug. 30, 2006 Mem. Order, where he wrote:

(continued . . .)

Thus, Haas has no right to insert himself in this Appeal, and his Post-Dismissal Motion should be denied.

    C.    Neither Mandamus Nor Any Other Basis For Relief Is Cognizable From The Post-Dismissal Motions

6. To the extent that the Post-Dismissal Motions can be construed as something more than mere diatribes against the judges of this Court and the Bankruptcy Court, the Appellees, the Office of the United States Trustee and others, they articulate no cognizable basis for granting relief. Indeed, while both Post-Dismissal Motions purport to be seeking writs of mandamus, they are incapable of satisfying the rigorous requirements for this extraordinary relief. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982) (the remedy of mandamus is reserved for the most extraordinary of circumstances). "Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996). A petitioner must establish, among other things, that the right to the issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

7. The relief, if any, to which Alber was entitled from the Bankruptcy Court's October 4, 2005 Order was obtainable via appeal. A mandamus petition is not

---

(. . . continued)
    Mr. Haas also cannot represent CLI in this matter. As the bankruptcy court noted, 'a corporation may appear in the federal courts only through licensed counsel." In re EToys, 331 B.R. at 185 (quoting Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993)). Mr. Haas is not a licensed attorney, and, therefore, he may not represent CLI.

Aug. 30, 2006 Mem. Order at 3.

available as a substitute to Alber and Haas to avoid the consequences of the failure to follow the procedures of this Court and to prosecute Alber's appeal with diligence, care and due respect for this Court.

    D.    <u>Reservation of Rights</u>

    8.    The Appellees respectfully reserve the right to respond on the merits to the Post-Dismissal Motions in the event that the Court determines that these threshold defects are not entirely fatal to the ability of Alber and Haas to proceed with the Post-Dismissal Motions.

    WHEREFORE, for the reasons stated herein, the Appellees respectfully request that this Court enter an order (i) denying the Post-Dismissal Motions and (ii) granting the Appellees such other and further relief as the Court deems just and proper.

Dated: March 22, 2007

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        *Pro Se*

        By:   /s/ Gregory W. Werkheiser
           Derek C. Abbott (No. 3376)
           Gregory W. Werkheiser (No. 3553)
           1201 N. Market St., 18th Floor
           P.O. Box 1347
           Wilmington, DE 19899-1347
           Tel:     (302) 658-9200
           Fax:    (302) 658-3989

DUANE MORRIS LLP
*Delaware Counsel to Traub, Bonacquist & Fox LLP*

By:   /s/ Frederick B. Rosner
    Frederick B. Rosner (No. 3995)
    1100 North Market Street, Suite 1200
    Wilmington, DE 19801
    Tel:     (302) 657-4900
    Fax:     (302) 657-4901

        -and-

Ronald R. Sussman (RS-0641)
COOLEY GODWARD KRONISH LLP
*Co-Counsel for Traub, Bonacquist & Fox LLP*
1114 Avenue of the Americas
New York, NY 10036-7798
Tel:   (212) 479-6000
Fax:   (212) 479-6275


SAUL EWING LLP
*Counsel to Barry Gold*

By:   /s/ Mark Minuti
    Mark Minuti (No. 2659)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
Ph:     (302) 421-6800
Fax:     (302) 421-5873

        -and-

G. David Dean
SAUL EWING LLP
100 South Charles Street
Baltimore, MD 21201
Ph:     (410) 332-8600
Fax:     (410) 332-8862

769777.3