Robert K. Alber
17685 DeWitt Avenue
Morgan Hill, CA 95037

TEL/FAX:   (408) 778-5241
EMAIL:   condo28@mail.com



Appellant Robert K. Alber (ALBER) v. Traub, Bonacquist & Fox, LLP (TB&F), Morris, Nichols, Arsht & Tunnell (MNAT), Barry F. Gold, EBC I, Inc, f/k/a eToys, Plan Administrator (GOLD) and the United States Trustee (UST) (District Court Case No. **05-830-SLR**) N/k/a Case No. **07-2360**, U.S. Third Circuit Court of Appeals.

**Via FedEx delivery**
Clerk of the Court
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**RE: Federal Court filings by ALBER inaccurately and incompletely entered into the District Court Record.**

**Dear Clerk of the Court,**

ALBER does wish to address inaccuracies, errors and [perceived] prejudicial treatment (against ALBER) by employees in your Office when processing documents filed by ALBER and entering said documents into the Court record, and requests that these issues be corrected. As this case is now before the Third Circuit Court of Appeals, Case no. 07-2360, the record needs to accurately reflect what was filed by <u>ALL</u> parties; not just Appellees. Anything short of this doesn't reflect Justice being shown evenly to all parties. This last statement, while bold, is accurate.

**Item 1:**    Regarding **D.I. 57**: the ALBER Motion For Reconsideration which was served on your Office by courier on March 15th, 2007, at 3:53 pm (the ALBER MOTION), shown on the Pacer website thus:

| 03/15/2007 | 57 | MOTION for Reconsideration re 55 Memorandum and Order filed by Robert K. Alber. (Attachments: # 1 Motion Part 2# 2 Motion Part 3# 3 Motion Part 4# 4 Motion Part 5# 5 Motion Part 6# 6 Motion Part 7)(fmt) (Entered: 03/19/2007) |

ALBER has found that the aforementioned ALBER MOTION was filed incorrectly by your Office, with the following errors:

    a)    The 'Exhibits' are not listed separately, being listed as 'Parts 2-7' while said ALBER MOTION includes 11 parts (the Motion itself plus 10 Exhibits; 11 in all); and,

    b)    The first part of 'Exhibit E' is inserted at the end of 'Part 3' and the last part of that same 'Exhibit E' starts at the beginning of 'Part 2;' and,

    c)    The 'Exhibits' are out of sequence. For instance, 'Part 2' includes the last half of 'Exhibit E,' while 'Part 3 includes Exhibits A, B, C, D and the first part of 'Exhibit E'; and,

    d)    **There are six (6) pages missing from '*Exhibit A*'** (specifically, Judge Robinson's Memorandum Order, to which the ALBER MOTION is in response).

ALBER is at a loss to comprehend how your Office committed the aforementioned 'errors' in entering the ALBER MOTION into the record, given that said ALBER MOTION was professionally bound and included exhibit dividers for your, and the Court's, convenience.

For whatever the reason, said 'errors' by your Office do cause the ALBER MOTION to be incomplete, altered and difficult to comprehend (if not incomprehensible).

That said, ALBER respectfully requests of your Office that the ALBER MOTION (D.I. 57) be re-entered into the Pacer document filing system, correctly, along with an appropriate entry into the docket record (by your Office) stating that the errors in filing said ALBER

MOTION originated with your Office. This in keeping with the entry made by your Office on November 20th, 2006, when an error in filing a document for the Appellees was somehow brought to your attention and subsequently corrected:

| 11/20/2006 | | CORRECTING ENTRY: The Docket Clerk linked Motion to Dismiss (DI# 42) to Opening Brief (DI#41). The Motion should have been filed first to allow the opening brief to be properly linked. (rwc) (Entered: 11/20/2006) |
|---|---|---|

Given that the errors made by your Office in filing the above referenced documents for the Appellees are in some ways similar to, albeit not nearly as serious as, the grave 'errors' made by your Office in filing the ALBER MOTION (D.I. 57), ALBER asserts that a similar statement (by you) is appropriate when the ALBER MOTION is re-processed (correctly) by your Office and the Court record changed as a result.

**Item 2:**  The manner in which your Office enters documents filed by ALBER into the Court record is in direct contrast to the care and consideration given to documents submitted by the Appellees. To show but a couple of examples:

| 02/05/2007 | 52 | Letter to Honorable Sue L. Robinson from Mark Minuti regarding Robert K. Alber v. Traub, Bonacquist & Fox LLP, et al. (District Court Civil Action No. 05- 0830, procedurally consolidated with Civil Action No. 05-831) - re 51 Emergency MOTION Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These ProcedurallyEmergency MOTION Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These Procedurally. (Minuti, Mark) (Entered: 02/05/2007) |
|---|---|---|

and,

| 02/06/2007 | 54 | CERTIFICATE OF SERVICE of Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These Procedurally Consolidated Appeals and Letter to Honorable Sue L. Robinson from Mark Minuti Regarding Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These Procedurally Consolidated Appeals by Barry Gold re 51 Emergency MOTION Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These ProcedurallyEmergency MOTION Appellees Emergency Motion To (A) Clarify The Absence Of Briefing Deadlines; (B) Defer Appeal Briefing Pending Decision On Appellees Motion To Dismiss, Or In The Alternative, (C) Establish Briefing Schedule To Govern These Procedurally, 52 Letter,, (Attachments: # 1 Certificate of Service)(Minuti, Mark) (Entered: 02/06/2007) |

**D.I. 52** is only three (3) pages in its entirety, and **D.I. 54** is but five (5) pages (eight (8) pages total for both documents, neither of which has any Exhibits attached to them), whereas **D.I. 57**, the ALBER MOTION, is 131 pages in total and has ten (10) Exhibits. ALBER concludes that the differences exhibited in the filing of documents into the Court record on Appellees' behalf versus how documents by ALBER are entered into the Court record show a distinct lack of respect, and, indeed, contempt, toward ALBER.

**Item 3:**     Your Office enters Exhibits submitted by ALBER into the Court record in a manner totally inconsistent with the manner in which Appellees' Exhibits are entered into the Court record. Using **D.I. 41** (a document filed by the Appellees) as but one example:

| 11/17/2006 | 41 | OPENING BRIEF in Support Of Appellees' Motion 42 To |

- 4 -

|   |   | Dismiss Appeal For Failure To Prosecute filed by Barry Gold, Traub Bonacquist & Fox LLP, Morris Nichols Arsht & Tunnell.Answering Brief/Response due date per Local Rules is 12/7/2006. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D (Part 1)# 5 Exhibit D (Part 2)# 6 Exhibit E# 7 Certificate of Service# 8 Service List)(Abbott, Derek) Modified on 11/20/2006 (rwc, ). (Entered: 11/17/2006) |
|---|---|---|

ALBER especially likes the way each Exhibit in **D.I. 41** is listed, and available, separately, along with a brief notation made as to each Exhibit's subject matter.

In comparison, please reference the manner in which your Office entered the ALBER MOTION into the Court record (as is shown at the top of page 2 of this document). Although the original, unaltered ALBER MOTION included ten (10) Exhibits, your Office encapsuled and condensed those ten (10) Exhibits into only six (6) parts (Parts 2-7).

Another example is the manner in which the ALBER Motion For An Extension Of Time (**D.I. 35**) was entered into the Court record by your office:

| 10/16/2006 | 35 | RESPONSE Motion re 29 MOTION For (I) Status Conference To Address Consequences Of Robert K. Alber's Failure To Timely File Opening Appeal Brief And Request for Enlargement of Time to File Appellant's Brief - filed by Robert K. Alber. (Attachments: - Response to Motion Part II)(rwc, ) Modified on 10/16/2006 (rwc, ). (Entered: 10/16/2006) |
|---|---|---|

This document is 99 pages long (total including Exhibits) with 21 Exhibits, yet was entered into the record in only two (2) parts. There is no mention made that there are 21 Exhibits, or that this Motion was Granted by Judge Jordan.

**In closing...** ALBER has been aware of the difference in treatment exhibited by your Office toward ALBER and the Appellees for some time now, but did not consider it an imperative to bring it up until now because when I reflected upon the events at hand, the Third Circuit may view the ALBER documents in a different light if said documents are

- 5 -

not entered into the record in their completeness, and in a jumbled manner.

ALBER does hereby address the aforementioned concerns to you so as to give you (your Office) the opportunity to better reflect a non-prejudicial, impartial attitude. For a wide gulf exists between the way documents filed by ALBER were entered into the Court record when compared to how documents filed by the Appellees (who happen to be attorney firms) were entered. And the examples as shown in this letter (to you) are hardly anomalies; they appear [to ALBER] to be 'business as usual.' Perhaps employees in your Office treat all *pro se*'s like this, or perhaps there are other reasons not readily apparent.

Whatever the reason(s) for the above referenced 'errors,' ALBER considers your prompt attention to these matters an imperative considering the fact that the ALBER Appeal is now being considered by the Third Circuit and your failure not to do so may prejudice the ALBER Appeal in that venue.

Dated: August 29th, 2007

Respectfully,

ROBERT K. ALBER
*Pro Se Appellant*
17685 DeWitt Avenue
Morgan Hill, CA 95037
Tel/Fax:   (408) 778-5241
condo28@mail.com